ATLANTIC GREYHOUND CORPORATION AND CAROLINA COACH COM-
PANY v. NORTH CAROLINA UTILITIES COMMISSION
and
ATLANTIC GREYHOUND CORPORATION AND CAROLINA COACH COM-
PANY v. SEASHORE TRANSPORTATION COMPANY.

(Filed 28 April, 1948.)

**1. Injunctions § 4i—**

A carrier may not maintain a suit for a mandatory injunction directing the Utilities Commission to expunge from its records orders amending the franchise of a competing carrier on the ground that such orders were entirely beyond the power and jurisdiction of the Commission, since if the orders were void they did not change the *status quo* and no mandatory writ to wipe them from the docket is necessary.

**2. Same—**

The exercise by a competing carrier of rights granted it by the Utilities Commission by amendments to its franchise may not be enjoined by a carrier by suit against the Utilities Commission for a mandatory injunction to expunge from its records the amendatory orders, but the exercise of such rights by the competing carrier must be challenged in a proper proceeding to which the competing carrier is a party and has an opportunity to defend.

**3. Utilities Commission § 1—**

The Utilities Commission is an administrative agency of the State with *quasi*-judicial powers.

**4. Utilities Commission § 5—**

Judicial determinations by the Utilities Commission are subject to review in accordance with the procedure provided by statute, and an independent action for mandatory injunction against the Utilities Commission in regard to its orders affecting a franchise will not lie as a substitute for appeal.

**5. Courts § 3a: Injunctions § 4i—**

An independent suit against the Utilities Commission for a mandatory injunction relating to its orders affecting a franchise cannot be maintained, since the Superior Court will not take original jurisdiction of matters within the exclusive jurisdiction of the Commission.

**6. Carriers § 5—**

The right to transport freight or passengers over the highways of the State is a privilege and a franchise granted by the State through the Utilities Commission for this purpose does not vest the holder with an interest in the highways but merely grants permission for their use.

**7. Same—**

While a franchise creates rights which the law will protect in the interest of the public, a franchise is not an exclusive right, and whether other carriers shall be let in is a question for the determination of the Utilities Commission in the public interest, with statutory right of existing franchise holders to come in and defend against a new application for the privilege of using the same highways and serving the same communities.

**8. Utilities Commission § 5—**

The statutory procedure for appeal from orders of the Utilities Commission is exclusive, and must be exhausted before resort to the courts.

**9. Injunctions § 4i—**

Plaintiffs instituted action against a competing carrier to restrain it from exercising rights given it by orders of the Utilities Commission amending its franchise. The orders were entered in proceedings to which plaintiffs were parties. *Held:* Plaintiffs had adequate remedy for the protection of their rights by appeal, G. S., 62-19: G. S., 62-20, and judgment sustaining defendant's demurrer in the independent action was proper.

PLAINTIFFS' appeal from *Nimocks, J.,* 13 October, 1947, WAKE Superior Court.

*Bailey & Holding and Ehringhaus & Ehringhaus for Atlantic Greyhound Corporation, plaintiff, appellant.*

*Arch T. Allen and L. P. McClendon for Carolina Coach Company, plaintiff, appellant.*

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Paylor for the State.*

*D. L. Ward, W. Frank Taylor, and Norman C. Shepard for Seashore Transportation Company, defendant, appellee.*

SEAWELL, J.   These appeals, embracing much the same subject matter, were argued together, and will be here discussed as companion cases, avoiding, as far as possible, repetition in factual statement and history of the cases.

The controversy resulting in the appeals grew out of an application of the Seashore Company for a franchise that would permit it to operate a through bus service from coastal communities to Raleigh, beginning at Atlantic and Beaufort via Goldsboro, its western terminus, without the necessity of transfer to busses operated under franchise by the Greyhound Company or other franchise carriers at that point or resort to other means of transportation.   Since portions of the route designated in the application were being used in bus service by Greyhound and the Coach Company under State franchises, and covered towns or communities served by these carriers, both were made parties to the proceeding, protested and resisted the application, were present and participated in the hearing in Dockets 3809 and 4072, in which applications were made, and excepted to the orders granting the Seashore Company certificate of convenience and necessity, and restricting Seashore to closed door operation at such points and between such points as was deemed best to serve the public interest, protect the existing franchises, and to hold the Seashore Company to through transportation in such territory.   The orders also fixed schedules and limited operation to two return trips daily.

Later the Seashore Company applied for a temporary detour permit to operate over a portion of the highway in use by Greyhound and the Coach Company, in order to avoid travel over a part of its route, known as the Brogden road, which was being prepared for hard surfacing; and this was allowed, the plaintiffs claim, without notice to them.

Both Greyhound Corporation and the Coach Company requested the Commission not to put its order into operation or issue the certificate of convenience and necessity, or franchise, until their appeals upon the orders granting the franchise could be heard.   It does not appear from the record whether the appeals were perfected; but both companies con-

tend that the orders were put into effect before the time to allow them to file exceptions, and the overruling thereof, which, as they construe the statute, must occur before appeal can be taken. The orders were put into effect and the Seashore Company began to exercise the franchise privileges and continues to do so.

The Greyhound Corporation and the Coach Company, jointly, brought two separate actions, one against the Utilities Commission and one against the Seashore Company, for injunctive relief.

Since the appellants, which are the same in both cases appealed, do not admit the pending of an appeal from the Commission, and the time to perfect such appeal has long expired, we must consider the actions in which the appeals under review are taken as proceedings for independent relief.

No. 449. Greyhound Corporation and Coach Company *v.* Utilities Commission.

The appellants, basing their right to the remedy on the theory that the Commission acted entirely beyond its jurisdiction and the power given it under the creative statute, seek, in this action, to subject the Commission to a mandatory injunction, compelling it to expunge from its records the orders made as "amendments" to the certificate, or franchise of the Seashore Transportation Company, the detour permission thereafter granted, the tariff and schedules approved for operation under the certificate given it under Dockets Nos. 3809 and 4072, "and all other attempted implementations thereof; and that the Commission be restrained from any additional acts in furtherance of said void orders, certificates, and permits of the Commission or in the violation of the statutes of the State until, under the laws of the State the right to issue certificate and make other orders shall be approved as by law directed."

If, as alleged, the acts of the Commission in the premises were entirely beyond the power and jurisdiction given it by the statute, and as contended, utterly void, no injunctive relief is required to protect the plaintiffs' right against a mere interloper, and no mandatory writ to wipe the questioned orders from the docket is needed, since, in that event, the *status quo* had not been changed. It is not necessary to say what might be applicable procedure, assuming the Commission acted arbitrarily, capriciously or corruptly, since that is not suggested. The thing against which the injunction is concerned is an accomplished fact, and moot.

If it is sought to preclude a company from the exercise of franchise rights which it holds under orders of the Commission, which are colorable or otherwise, the approach to that end must be made through other adequate procedure available to the objector in which the holder of the challenged certificate may have an opportunity to defend, rather than by attempting to turn back the clock, or cut off at the source water already

over the dam. The appellants seem to have recognized this in bringing the companion suit.

The Utilities Commission is an administrative agency of the State with *quasi*-judicial powers; it is made a court of record, primarily for the purpose of preserving its records and facilitating review. It is not a court in the judicial sense, but its judicial determinations are subject to review on appeal. Injunction, as a substitute for appeal, cannot be made an instrument for review. Nor will the courts take original jurisdiction of matters confided to the exclusive jurisdiction of the Utilities Commission. *Coach Co. v. Transit Co.,* 227 N. C., 391, 42 S. E. (2d), 398.

While the suit, as brought, may be regarded as a suit against the State, since the relief sought directly affects the exercise of governmental powers exclusively within its sovereignty, and without constitutional or statutory consent (*Rotan v. State,* 195 N. C., 291, 141 S. E., 733; *Carpenter v. R. R.,* 184 N. C., 400, 114 S. E., 693; *Moody v. State Prison,* 128 N. C., 12, 38 S. E., 131; *U. S. v. Lee,* 106 U. S., 196, 25 R. C. L., 412), it is not necessary to enter a discussion of that matter. Review of the matters complained of come within the purview of the appeal procedure provided in the statute, which is adequate in law.

The propriety of requiring at least first resort to the remedies provided in the statute is bottomed on the nature of the rights with which we are dealing and the primary purpose of the law. The Utilities Commission is not empowered to give an applicant any interest in the highways of the State for commercial transportation of freight or passengers, but only to permit their use; the franchise may be sole, never exclusive, except in the sense that the privilege has not, as yet, been extended to another concern. When the public convenience or necessity requires, the privilege may be recaptured, modified or restricted, or the like privilege extended to another carrier. And this is expressly reserved in the statute or implied in the franchise transaction viewed as a contract, if it is ever of that nature.

The right to use the highway as a facility for carrying on private business for profit in the commercial transportation of freight or passengers is not inherent, or a constitutional right; Elliott, Roads and Streets, sec. 1171-4; and under appropriate regulatory statutes it may be granted or withheld; *Suddreth v. City of Charlotte,* 223 N. C., 630, 27 S. E. (2d), 650; Blashfield, Auto Law, p. 227, sec. 105; Am. Jur., 492, sec. 192. If consistent with regulatory law the State agency might grant the privilege to many or deny it to all. It is by grace of the statute only that existing franchise holders are let in to protect and defend against a new application for the privilege of using the same highway and serving the same communities, and the merit of the application, and its ultimate

fate, depend upon the question of the public interest. There are rights, of course, incidental to the privilege bestowed, and it is to the public interest that they be protected so that competent and adequate public service may be maintained. These rights rest upon the creative statute for their interpretation, and primarily so for their protection.

When application was made here to advance the argument in this case the motion was denied, in respect to the authority of *Warren v. Atlantic Coast Line R. R. Co.*, 223 N. C., 843, 28 S. E. (2d), 505, in which *Chief Justice Stacy*, speaking for the Court, said:

> "As a general rule, where a matter is committed to an administrative agency, one who fails to exhaust the remedies provided before such agency will not be heard in equity to challenge the validity of its orders. *Garysburg Mfg. Co. v. Commrs. of Pender County*, 196 N. C., 744, 147 S. E., 284; *Mfg. Co. v. Commrs.*, 189 N. C., 99, 126 S. E., 114; *Sykes v. Jenny Wren Co.*, 64 App. D. C., 379, 78 F. (2d), 729; *Switchman's Union of N. A. v. Nat. Mediation Bd.*, 320 U. S., 297, 88 Law Ed., Adv. Op. 89."

And in *Coach Co. v. Transit Co., supra,* we find similar expression of the rule.

We think the principle thus announced is controlling in the instant case.

The judgment sustaining the demurrer and dismissing the action is affirmed.

Atlantic Greyhound Corporation and Carolina Coach Company *v.* Seashore Transportation Co.

In this case, as in the foregoing, the plaintiffs sought injunctive relief in an independent action against the Seashore Company, setting up in its complaint substantially the facts alleged in 449. The only difference in the two cases is that the absolute nullity of the transactions and orders of the transactions of the Utilities Commission would put the Seashore Company in the position of an interloper invading franchise rights of each of the plaintiffs without authority or warrant of law. We are unable to agree that the facts alleged in plaintiffs' pleading are sufficient to put the defendant in that class so as to avoid the necessity of appeal. We are satisfied that the objections made to the proceedings before the Commission, and the challenges made to its orders, are such as could be adequately presented and reviewed on the appeal provided in the statute, G. S., 62-19, 62-20, and that this remedy must be pursued. *Warren v. R. R., supra; Coach Co. v. Transit Co., supra.* In this case, since the injunction was sought by action in a court other than that in which an appeal could be pending, we are not troubled with the question whether

it could be sustained as necessary to preserve the subject matter of the appeal.

The judgment sustaining the demurrer is
Affirmed.

In 449—Judgment Affirmed.

In 450—Judgment Affirmed.