HARRY FRANCIS PORTER, T/A "INFO" BY PORTER v. NORTH CAROLINA DEPARTMENT OF INSURANCE AND RUFUS L. EDMISTEN, ATTORNEY GENERAL OF NORTH CAROLINA

No. 7810SC387

(Filed 20 March 1979)

1. **Administrative Law § 2— collection agencies—regulation of Department of Insurance—agency rule**

   A regulation of the Department of Insurance prohibiting the holder of a permit to operate a collection agency from furnishing legal advice or services or instituting judicial proceedings on behalf of other persons was a "rule" within the meaning of the Administrative Procedure Act, G.S. 150A-10.

2. **Administrative Law § 2— exhaustion of administrative remedies**

   The exhaustion of available administrative remedies is a prerequisite to judicial review, and when the legislature has established an effective administrative remedy, it is exclusive.

3. **Administrative Law § 2; Declaratory Judgment § 3— failure to exhaust administrative remedies—declaratory judgment not available**

   Plaintiff collection agency was not entitled to seek a declaratory judgment in the superior court as to the validity and applicability of a regulation of the Department of` Insurance prohibiting collection agencies from instituting judicial proceedings on behalf of other persons where plaintiff failed to exhaust available administrative remedies by petitioning the Department of Insurance for amendment or repeal of the regulation under G.S. 150A-16 or seeking a declaratory ruling from the Department of Insurance as to the validity and ap-

plicability of the regulation under G.S. 150A-17, and then by seeking judicial review of an adverse Department of Insurance decision under G.S. 150A-43 *et seq.*

APPEAL by defendant from *McLelland, Judge.* Judgment entered 15 March 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 6 February 1979.

Plaintiff, Harry Francis Porter, who operates a "collection agency" licensed by the North Carolina Department of Insurance under G.S. 66-41 *et seq.*, on 2 December 1977 initiated this action for declaratory judgment pursuant to G.S. 1-253, 1-256 and 1-260 to determine: (1) whether he is required to be licensed by the Department of Insurance, (2) whether his conduct violates regulation 11 N.C.A.C. 13.0221(m) issued by that department, (3) whether it was within the department's statutory authority to issue such a regulation, and finally (4) whether the statute was constitutional. This controversy arose when the Department of Insurance sent a letter to plaintiff informing him that its staff attorneys had determined that he was in violation of its regulation found in the North Carolina Administrative Code, 11 N.C.A.C. 13.0221. In pertinent part, that regulation provides as follows:

"A Permit Holder is prohibited from . . .

(m) Furnishing legal advice or performing legal services or representing that it is competent to do so; or instituting judicial proceedings on behalf of other persons."

Defendant's letter advised plaintiff as follows:

"Our attorneys have reviewed the power of attorney given to you by your clients. It is their opinion that such a power of attorney would not grant any authority to the collection agency to swear out a criminal warrant on behalf of a creditor . . .

You are advised to immediately cease the swearing of warrants on behalf of your clients . . ."

Plaintiff alleges and the trial court found that on 12 October 1977, George F. Bason, Chief District Judge for the Tenth Judicial District, in response to the defendant's action issued an order to all magistrates to cease issuing warrants upon the application of collection agencies. He contends that Judge Bason's order has

caused plaintiff to suffer irreparable injury and has essentially put him out of business. As a result, plaintiff, on 21 October 1977, initiated an action similar to the one presently before this Court by which he challenged the defendant's authority and sought a preliminary injunction against the defendant. At the 27 October 1977 hearing on the motion for a preliminary injunction, the defendant delivered a letter to plaintiff withdrawing the 7 October 1977 letter because it had been brought to their attention that the administrative regulation was not properly filed and in effect on 7 October 1977. (The rule was subsequently properly filed 26 October 1977.) As a result of defendant's having withdrawn the letter, plaintiff immediately took a voluntary non-suit in that action, but re-instituted his challenge to the defendant's authority on 2 December 1977, when Judge Bason declined to withdraw his directive because the Department of Insurance had not withdrawn its prior interpretation of the law, despite the fact that the 7 October 1977 letter advising plaintiff that he was in violation of the rule had been withdrawn. Judge Bason indicated by affidavit that if a judge of the superior court should construe the regulation so as not to prohibit plaintiff's practices, or should find the regulation invalid, he would rescind his order to the magistrates.

This action was tried at a nonjury session of the Wake County Superior Court. After finding facts substantially as stated above, the trial court concluded *inter alia* that (1) plaintiff lacks an administrative remedy, (2) that plaintiff has alleged a justiciable controversy, and (3) that defendant is without statutory authority to issue 11 N.C.A.C. 13.0221(m). The court decreed that the regulation was "void and of no effect". Defendant appeals. Plaintiff cross-appeals.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Paul Stam, Jr., for plaintiff appellee.*

MORRIS, Chief Judge.

Plaintiff initiated his challenge to the validity of the rule promulgated by the Department of Insurance by filing suit for declaratory judgment in the Superior Court of Wake County. The Department of Insurance contends that the plaintiff was not en-

titled to seek relief in the superior court by declaratory judgment because *inter alia* plaintiff failed to exhaust his available administrative remedies as provided in the North Carolina Administrative Procedure Act, G.S. 150A-1 *et seq.*

The Department of Insurance issued the rule in controversy pursuant to its alleged statutory authority as provided in G.S. 66-46, which simply provides:

"The Commissioner shall have the right to make any rules or regulations necessary to enforce the provisions of this Article and may approve schedules of fees and methods of collecting the same, or make any other rule or regulation necessary to secure the proper conduct of the business referred to in this Article [regulating the collection of accounts]."

[1]   The rule enacted by the defendant is a "rule" within the meaning of the Administrative Procedure Act, G.S. 150A-10 which provides in pertinent part:

A " 'rule' means each agency regulation, standard or statement of general applicability that implements or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency."

[2, 3]   It is fundamental that a prerequisite to judicial review is generally the exhaustion of available administrative remedies. *Greyhound Corp. v. Utilities Com.*, 229 N.C. 31, 47 S.E. 2d 473 (1948). Similarly, the settled law in this State provides that when the legislature has established an effective administrative remedy, it is exclusive. *Lloyd v. Babb*, 296 N.C. 416, 251 S.E. 2d 843 (1979); *King v. Baldwin*, 276 N.C. 316, 172 S.E. 2d 12 (1970); *Wake County Hospital v. Industrial Comm.*, 8 N.C. App. 259, 174 S.E. 2d 292 (1970). The defendant is correct in its position that plaintiff has failed to follow and exhaust the available administrative procedures provided as a means of challenging the applicability and validity of administrative rules. Plaintiff has two available avenues of administrative review of the Commission's action. First, G.S. 150A-16 establishes an administrative procedure entitling plaintiff to seek relief by petitioning the commission for an amendment or repeal of the rule. If he is unsuccessful at that stage of the proceedings, plaintiff would then be entitled to seek judicial review under G.S. 150A-43 *et seq.* Second, plain-

tiff may seek a declaratory ruling under G.S. 150A-17 which would provide the agency with an opportunity to reconsider the validity of the rule or its applicability to the plaintiff. That ruling of the Commission is then entitled to judicial review under G.S. 150A-43 *et seq.* Plaintiff, however, seeks to bypass these statutory procedures and obtain relief directly in the superior court by way of a declaratory judgment.

As was noted in our recent decision in *High Rock Lake Ass'n. v. Environmental Management Commission,* 39 N.C. App. 699, 252 S.E. 2d 109, (1979), the Administrative Procedure Act does not preclude entirely the possibility of judicial review by use of the declaratory judgment. G.S. 150A-43 provides in part:

> "Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article."

However, the administrative action in question would clearly be subject to judicial review if plaintiff had followed the appropriate procedures. Thus, G.S. 150A-43 is not authority for allowing plaintiff to bypass the Administrative Procedure Act.

We note that the trial court never determined whether plaintiff was in violation of the rule in question and recognized that the defendant had not considered its applicability since the first letter was withdrawn. Nevertheless, the trial court decreed that the Department of Insurance was without authority to issue the rule because, in the words of the court, "11 NCAC 13.0221(13) is not necessary to enforce the provisions of Article 9, Chapter 64, North Carolina General Statutes, and . . . defendant is without statutory authority to prescribe it." The foregoing is an indication of the problems faced when courts interfere in administrative matters before the agency has been afforded an opportunity to reach a concrete decision. *See High Rock Lake Ass'n v. Environmental Management Commission, supra.* Had plaintiff availed himself of the appropriate procedures for the administrative review of rules, the defendant may have been persuaded that plaintiff's conduct was not proscribed by the rule, or he may have been successful in persuading defendant to amend or repeal its own rule. By enacting the provisions for administrative reivew of rules, the legislature wisely determined that the agency itself

should have the first opportunity to review the propriety and applicability of its own rules. So long as the statutory procedures provide an effective means of review of the agency action, the courts will require parties to exhaust their administrative remedies. *See Lloyd v. Babb, supra; see generally* 2 Cooper, State Administrative Law 579 (1965). The trial court had no jurisdiction to determine the matters before it. Therefore, the judgment of the trial court is

Reversed.

Judges MARTIN (Harry C.) and CARLTON concur.