In re DeLancy

IN THE MATTER OF: ALICE MARIE DeLANCY

No. 8310SC592

(Filed 17 April 1984)

1. **Administrative Law § 2— construction and constitutionality of statute—failure to exhaust administrative remedies**

     The superior court was without jurisdiction to consider in a declaratory judgment action the construction and constitutionality of G.S. 90-29(b)(11), a portion of the Dental Practice Act, where petitioner failed to exhaust her administrative remedies by seeking a declaratory ruling from the State Board of Dental Examiners as to the construction and constitutionality of the statute.

2. **Physicians, Surgeons, and Allied Professions § 5— dental hygienist—practicing without supervision by dentist—conditioning restoration of license on agreement not to own dental practice**

     The State Board of Dental Examiners did not exceed its statutory authority or commit an error of law in suspending petitioner's license to practice dental hygiene for 14 months for practicing without the supervision of a licensed dentist in violation of G.S. 90-233(a) and in conditioning the restoration of her license after a period of only 60 days upon her written agreement not to own, manage, supervise or control a dental practice for a 12-month period. Furthermore, the condition for restoration was rationally related to the legislative goal of protection of the public health and welfare and did not violate petitioner's due process and equal protection rights under Art. I, § 19 of the N.C. Constitution; nor did it grant exclusive emoluments or establish monopolies in violation of Art. I, §§ 32 and 34 of the N.C. Constitution. G.S. 90-229(a)(iv).

APPEAL by respondent, North Carolina State Board of Dental Examiners, from *Bowen, Judge.* Order entered 21 April 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 5 April 1984.

This is an appeal by the North Carolina State Board of Dental Examiners (hereinafter Board) from an order directing it to modify an agency order that suspended the license of petitioner Alice DeLancy to practice dental hygiene. The record reveals the following:

Petitioner was issued a license to practice dental hygiene in September, 1967. In November, 1981, petitioner opened her own practice, "The Smile Clinic," in which she performed various dental hygiene services in exchange for compensation. Ms. DeLancy was not supervised by a licensed dentist in her performance of these services, as is required by N.C. Gen. Stat. Sec. 90-233(a). On

8 March 1982 the Board issued a Notice of Hearing, which alleged that Ms. DeLancy had violated the law requiring supervision of dental hygiene services. A hearing on the matter, initially scheduled for 16 April 1982, was postponed to 22 October 1982 when petitioner filed an action in federal court challenging the constitutionality of N.C. Gen. Stat. Secs. 90-221(f) and 90-223(a), the statutes requiring that her work be supervised by a licensed dentist. On 20 August 1982, following trial on the merits, United States District Court Judge Franklin T. Dupree, Jr., upheld the constitutionality of the challenged statutes. On 28 October 1982 the Board made findings of fact and conclusions of law and entered the following order:

1. License No. 348 issued to Respondent for the practice of dental hygiene is suspended for a period of fourteen (14) months commencing upon surrender of such license and her current renewal certificate to the Board at its offices in Raleigh. Surrender is to be made on or before 5:00 p.m. on the seventh (7th) day following the date of this order.

2. On the sixtieth (60th) day after her license and renewal certificate are surrendered to the Board, said license and renewal certificate shall be restored to Respondent upon her written consent to the following conditions:

A. She shall not, for a period of twelve (12) months, own, manage, supervise, control or conduct herself or by and through another person or persons any enterprise wherein acts or practices enumerated in G.S. 90-29(b)(1) through (10) are done, attempted to be done, or represented to be done.

B. She shall, for a period of twelve (12) months, violate no provision of the Dental Practice Act, the Dental Hygiene Act, or the Board's rules and regulations.

On 10 November 1982 petitioner filed a "petition for judicial review and for declaratory judgment, and motion for stay" of the final agency decision in Wake County Superior Court, pursuant to N.C. Gen. Stat. Chap. 150A. On 21 December Judge Bailey granted petitioner's request for a stay of the Board's order "to the extent it prohibits Ms. DeLancy's ownership of a dental hygiene clinic." On 22 April 1983 Judge Bowen entered the following order: "WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DE-

CREED that the Agency Order dated October 28, 1982, be modified by striking the condition which appears on page 6 of the Order in paragraph 2A." Respondent appealed.

*Sanford, Adams, McCullough & Beard, by H. Hugh Stevens, Jr., Catherine B. Arrowood, and Nancy H. Hemphill, for petitioner, appellee.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by Ralph McDonald, Gary S. Parsons, and Carson Carmichael, III, for respondent, appellant.*

*Barringer, Allen & Pinnix, by Thomas L. Barringer, Noel L. Allen, and R. Bradley Miller, amicus curiae North Carolina Dental Hygienists Association.*

*Parker, Sink, Powers, Sink & Potter, by William H. Potter, Jr., amicus curiae North Carolina Dental Society, Inc.*

HEDRICK, Judge.

The standard of review applicable to judicial consideration of a final agency decision is set out in N.C. Gen. Stat. Sec. 150A-51, which provides:

The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification.

In construing a similar statute, N.C. Gen. Stat. Sec. 62-94, which governs appeals from orders of the Utilities Commission, our Supreme Court said: "The proper scope of review can be determined only from an examination of the issues presented for review by the appealing party. The nature of the contended error dictates the applicable scope of review." *Utilities Comm. v. Oil Co.*, 302 N.C. 14, 21, 273 S.E. 2d 232, 236 (1981).

The petition for judicial review filed by Ms. DeLancy contains allegations that the Board exceeded its statutory authority, and that its decision was affected by other error of law, was unsupported by substantial evidence, was arbitrary and capricious, and was unconstitutional in that it violates Art. I, Secs. 19, 32, and 34 of the North Carolina Constitution. Our review, as well as that of the Superior Court, is limited to whether the disciplinary action of the Board resulted in prejudice to the substantial rights of Ms. DeLancy as a result of one of these five types of errors.

[1] Before we proceed to the issues properly before us, we wish to point out one aspect of this case which we believe is *not* properly before us, contrary to petitioner's claims. In her petition for judicial review, Ms. DeLancy also sought a declaratory judgment "that a dental hygienist may have an ownership interest in a dental practice wherein dental hygiene services are being performed." Resolution of this issue requires construction of N.C. Gen. Stat. Sec. 90-29(b)(11). In the event the court construed the statute so as to prohibit dental hygienists from owning their own practice, petitioner further sought to have the statute declared unconstitutional. On appeal to the Superior Court, Judge Bowen construed the statute in accordance with petitioner's request and declared that a contrary construction would be unconstitutional.

We believe this issue was not properly before Judge Bowen and is not properly before this Court. While Condition A, the disciplinary measure complained of by petitioner, contains language similar to that of N.C. Gen. Stat. Sec. 90-29(b)(11), Ms. DeLancy was at no time charged with violation of that portion of the Dental Practice Act. Indeed, the statute is nowhere men-

tioned in the Final Agency Order. Furthermore, we note the provisions of N.C. Gen. Stat. Sec. 150A-17, which provides:

> On request of a person aggrieved, an agency shall issue a declaratory ruling . . . as to the applicability to a given state of facts of a statute administered by the agency. . . . A declaratory ruling is subject to judicial review in the same manner as an agency final decision. . . .

Our courts have held that failure to seek a declaratory ruling from the agency under this statute will be considered a failure to exhaust administrative remedies and will thus bar petitioner's right to seek a declaratory judgment in Superior Court. *Porter v. Dept. of Insurance*, 40 N.C. App. 376, 253 S.E. 2d 44, *disc. rev. denied*, 297 N.C. 455, 256 S.E. 2d 808 (1979). Nothing in the record suggests that petitioner sought such a ruling prior to asking the Superior Court to consider the question. We thus hold that the Superior Court was without jurisdiction to consider the construction and constitutionality of N.C. Gen. Stat. Sec. 90-29(b)(11), as are we.

Turning now to the propriety of the Board's imposition of disciplinary sanctions on the facts of this case, we first review relevant statutory provisions. N.C. Gen. Stat. Sec. 90-229 in pertinent part provides:

> (a) The North Carolina State Board of Dental Examiners shall have the power and authority to
>
>  . . .
>
> (iii) Revoke or suspend a license to practice dental hygiene;
>
> (iv) Invoke such other disciplinary measures, censure or probative terms against a licensee as it deems proper;
>
> in any instance or instances in which the Board is satisfied that such applicant or licensee:
>
>  . . .
>
> (6) Has engaged in any act or practice violative of any of the provisions of this Article. . . .

N.C. Gen. Stat. Sec. 90-233(a) in pertinent part provides: "A dental hygienist may practice only under the supervision of one or more licensed dentists." N.C. Gen. Stat. Sec. 90-221(f) provides:

> "Supervision" as used in this Article shall mean that acts are deemed to be under the supervision of a licensed dentist when performed in a locale where a licensed dentist is physically present during the performance of such acts and such acts are being performed pursuant to the dentist's order, control and approval.

The record shows that the following stipulation was before the Board when it made its decision:

> 5. Respondent's [Petitioner in the instant case] performance of functions constituting the practice of dental hygiene has not been pursuant to the order, control and approval of a licensed North Carolina dentist nor was a licensed North Carolina dentist physically present at the time of performance of such functions by Respondent.

A reading of the above-quoted statutes and stipulation makes it clear that petitioner violated the provisions of the Dental Hygiene Act and that the Board is vested by statute with authority to discipline Ms. DeLancy for that violation. Indeed, this much is not disputed. The single narrow question before this Court, then, is the propriety of the Board's choice of sanctions.

[2] In her petition for judicial review, Ms. DeLancy first claims that the Board exceeded its statutory authority and committed "error of law" in imposing a fourteen-month suspension of her license "with restoration conditioned upon agreement to unlawful conditions." The heart of petitioner's argument is that Condition A, requiring Ms. DeLancy to forego owning, managing, supervising or controlling a dental practice for a twelve-month period, is unrelated to the violation which was the subject matter of the administrative proceeding and is thus unlawful. This lack of relationship between the violation and sanction imposed, she contends, renders the Board's actions arbitrary and capricious and its order "unsupported by findings or evidence."

We do not agree that there is no reasonable relationship between petitioner's violation of the statutes requiring that her work be properly supervised and the sanction imposed by the

Board. While petitioner focuses on the Board's prohibition of *ownership*, we think it clear from our consideration of the record as a whole and the Board's order in particular that the Board's concern is with *control.* Whether petitioner owns or merely manages an enterprise in which dentistry is practiced, she is likely to exercise a good deal of control over the existence and extent of supervision provided by dentists to dental hygienists in that practice. The record before the Board and before this Court suggests that Ms. DeLancy is not in personal agreement with the legislative judgment that such supervision offers important protection to the public interest. Further, she has demonstrated a willingness to act on her personal disagreement by deliberately violating the statutory provisions. Agreement by petitioner to Condition A would merely require that she work for a twelve-month period in a setting that offers both less opportunity and less financial incentive to "take shortcuts" in regard to supervision than would be available in a practice owned or managed by her. Because we believe Condition A is reasonably related to the violation complained of, we believe the Board did not exceed its statutory authority in imposing this particular "probative term" pursuant to N.C. Gen. Stat. Sec. 90-229(a)(iv). For the same reason, we find that the Board did not act in an arbitrary and capricious fashion. As to whether the Board's order was supported by substantial evidence when the record is considered as a whole, we note that Ms. DeLancy's violation of the statute has never been in dispute, and, indeed, was stipulated to prior to issuance of the Final Agency Order. Furthermore, we find no "error of law" in the Board's order that may be said to have prejudiced petitioner's substantial rights.

Petitioner further contends that Condition A is unconstitutional, in that it "violate[s] her rights to due process and equal protection under Article I, section 19 of the North Carolina Constitution, and grant[s] exclusive emoluments and establish[es] monopolies in violation of Article I, sections 32 and 34 of the North Carolina Constitution." The arguments advanced by Ms. DeLancy in support of this proposition relate almost exclusively to the construction and constitutionality of N.C. Gen. Stat. Sec. 90-29(b)(11), which, as we have said, is not before this Court at the present. In regard to the constitutionality of the Board's choice of

disciplinary sanctions, we find the statements of Professor Charles Daye particularly apposite:

> Often when a petitioner complains that the agency is acting in excess of authority or jurisdiction it will be alleged that such agency action violates the petitioner's constitutional rights. . . . In substance such an allegation is no more than an assertion that one has a constitutional right that agencies act within their statutory powers . . . before they can constitutionally affect one's interests. This claim, while perhaps arguably sound, really risks confusing the real issue, which is one of statutory construction, and not constitutional interpretation. Moreover it adds nothing since agency action in excess of authority . . . will be set aside on judicial review in any event.

Daye, *North Carolina's New Administrative Procedure Act*: *An Interpretative Analysis*, 53 N.C. L. Rev. 833, 913 n. 368 (1975) (citing 2 F. Cooper, *State Administrative Law* (1965) ). We have held that Condition A was imposed by the Board pursuant to its statutory authority, and that the condition is reasonably related to the violation which was the subject matter of the agency proceeding. We think it clear that the Board's authority to regulate the licensing of dental hygienists is within the police power of the State, and that the Board's action in the present case was rationally related to the legislative goal of protection of the public health and welfare. We thus hold the Board did not act in an unconstitutional manner in allowing petitioner to agree to Condition A in lieu of an additional twelve-month suspension of her license.

The result is: the order of the Superior Court modifying the final agency decision by striking Condition A is reversed, and the cause is remanded to the Superior Court with directions that it enter an order affirming the final agency decision and order dated 28 October 1982.

Reversed and remanded.

Judges HILL and JOHNSON concur.