**NORTH BUNCOMBE ASSN. OF CONCERNED CITIZENS v. RHODES**

[100 N.C. App. 24 (1990)]

NORTH BUNCOMBE ASSOCIATION OF CONCERNED CITIZENS, INC., SUCCESSOR TO THE FLAT CREEK UNINCORPORATED ASSOCIATION OF CONCERNED CITIZENS; GARY HENSLEY, PRESIDENT OF THE CORPORATION; AND GARY HENSLEY, INDIVIDUALLY AND WIFE, DEBBIE HENSLEY, PLAINTIFFS v. THOMAS RHODES, SECRETARY OF N.C. DEPARTMENT OF NATURAL RESOURCES & COMMUNITY DEVELOPMENT; STEPHEN G. CONRAD, DIRECTOR OF THE DIVISION OF LAND RESOURCES, N.C. DEPT. OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT, INDIVIDUALLY AND AS DIRECTOR OF THE DIVISION OF LAND RESOURCES FOR THE DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT; CHARLES GARDNER, CHIEF OF LAND QUALITY SECTION, DIVISION OF LAND RESOURCES, N.C. DEPT. OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT, INDIVIDUALLY AND AS THE CHIEF OF THE LAND MANAGEMENT SYSTEM; THOMAS CARROLL, MINING SPECIALIST, LAND QUALITY SECTION, DIVISION OF LAND RESOURCES AND COMMUNITY DEVELOPMENT, INDIVIDUALLY AND AS AN EMPLOYEE OF THE DEPARTMENT, DIVISION, AND SECTION; R. PAUL WILMS, DIRECTOR OF DIVISION OF ENVIRONMENTAL MANAGEMENT, N.C. DEPT. OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT IN HIS OFFICIAL CAPACITY; JAMES S. LOFTON, SECRETARY OF THE DEPT. OF ADMINISTRATION, IN HIS CAPACITY AS THE DESIGNATED DIRECTOR OF THE STATE AGENCY CHARGED WITH THE ADMINISTRATION OF NORTH CAROLINA ENVIRONMENTAL POLICY ACT; THE NORTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT, A DIVISION OF THE STATE GOVERNMENT; AND VULCAN MATERIALS COMPANY, A NEW JERSEY CORPORATION, DEFENDANTS

No. 8928SC800

(Filed 7 August 1990)

1. **Mines and Minerals § 1.1 (NCI3d); Administrative Law and Procedure § 52 (NCI4th) — mining permit — requirement of environmental impact statement — failure to exhaust administrative remedies — no judicial review**

In an action to have a mining permit declared void and for injunctive relief, the trial court was without subject matter jurisdiction over plaintiffs' claim that Buncombe County had authority to require an environmental impact statement from defendant mining company, since the decision of defendant Department of Environment, Health, and Natural Resources to issue a mining permit was subject to judicial review only under the terms of the Administrative Procedure Act, and plaintiffs failed to exhaust their administrative remedies.

**Am Jur 2d, Administrative Law §§ 595, 599.**

2. **Mines and Minerals § 1.1 (NCI3d); Administrative Law and Procedure § 52 (NCI4th) — unconstitutionality of Mining Act — failure to exhaust administrative remedies — no judicial review**

   Plaintiffs' failure to exhaust their administrative remedies before seeking judicial review precluded declaratory relief on their claim that the Mining Act was unconstitutional both facially and as applied and on their claim that the Department of Environment, Health, and Natural Resources failed to comply with the requirements of the Mining Act in issuing a permit to defendant mining company.

   **Am Jur 2d, Administrative Law §§ 595, 603.**

3. **Appeal and Error § 7 (NCI4th) — excessively long brief — costs taxed against attorney**

   Pursuant to Appellate Rule 35, the Court of Appeals assessed the portion of the costs of the appeal attributable to plaintiff appellants' excessively long brief against the attorney who filed it, with plaintiffs bearing the remainder of the costs of the appeal. Appellate Rule 28(j).

   **Am Jur 2d, Appeal and Error §§ 1019, 1021.**

APPEAL by plaintiffs and defendants Department of Environment, Health and Natural Resources and Vulcan Materials Company from Order of *Judge Robert D. Lewis* entered 8 March 1989 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 15 February 1990.

*Long, Parker, Hunt, Payne and Warren, by Steve R. Warren and Jeffrey P. Hunt, for plaintiff appellant-appellees.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Philip A. Telfer, for defendant appellant-appellee, Department of Environment, Health and Natural Resources.*

*Womble Carlyle Sandridge & Rice, by H. Grady Barnhill, Jr., and Keith A. Clinard, and R. Howard Grubbs, for defendant appellant-appellee, Vulcan Materials Company.*

COZORT, Judge.

On 15 June 1987, Vulcan Materials Company, Inc. (Vulcan), pursuant to N.C. Gen. Stat. §§ 74-50, -51, submitted an application for a mining permit to the then North Carolina Department of

Natural Resources and Community Development, now known as the Department of Environment, Health, and Natural Resources, hereinafter DEHNR. On 10 June 1987, Vulcan had notified the Buncombe County Board of Commissioners and owners of land adjoining the site of the company's proposed quarry of Vulcan's forthcoming application. Plaintiff Gary Hensley and the predecessor organization to the North Buncombe Association of Concerned Citizens objected to the application, and DEHNR announced that a public hearing on Vulcan's application would be held on 6 August 1987. At the hearing, counsel for the plaintiffs' predecessor organization submitted material alleging numerous deficiencies in Vulcan's application, especially the company's failure to address the effects of "dewatering" (pumping, draining or otherwise removing water impounded or collected in the operation of the mine or quarry).

By letter dated 3 August 1987, DEHNR notified Vulcan that its application was deficient in several respects including the lack of data to support the conclusion that "mine dewatering will not have any impact on neighboring wells." On 18 August 1987, Vulcan submitted a revised application, enclosing a hydrologic investigation by C.R.S. Sirrine Environmental Engineers, which, according to Vulcan, indicated "that mine dewatering will not have any adverse impact on neighboring wells." On 16 September 1987, Thomas Carroll of the Land Quality Section, Division of Land Resources, DEHNR, wrote to R. B. Willard, senior mining engineer of Vulcan, to inform him that there remained "numerous deficiencies in the application, site plan, and erosion control design calculations. Because of the number and scope of the deficiencies noted in this letter, a meeting between personnel of this office and your company to review each item may be in order." On 18 April 1988, after further revisions in the site plan and application, DEHNR issued Vulcan a permit to operate a crushed stone quarry at the company's site near Weaverville.

Meanwhile, on 1 September 1987, the Buncombe County Board of Commissioners passed a resolution, directed solely at Vulcan, purporting to require the company "to prepare and furnish to the appropriate agencies of the state government an environmental impact statement as defined in NCGS 113A-4(2) and as authorized by NCGS 113A-8." Vulcan never complied with this resolution.

On 27 May 1988, seeking to have the permit declared void and seeking injunctive relief, plaintiffs filed in Buncombe County

Superior Court a complaint stating five claims, the first three of which requested declaratory judgment pursuant to N.C. Gen. Stat. § 1-253. The plaintiffs alleged, first, that N.C. Gen. Stat. §§ 74-46 to -68 (the Mining Act) on its face and as administered violates the Federal Constitution; second, that DEHNR failed to comply with requirements of the Mining Act in issuing a permit to Vulcan; and, third, that Buncombe County had authority to require an Environmental Impact Statement (EIS) from Vulcan and that [DEHNR's] action in the absence of an EIS rendered the "agency['s] action void." Fourth, the plaintiffs, pursuant to 42 U.S.C. § 1983, alleged that Thomas Rhodes, Stephen Conrad, Charles Gardner, and Thomas Carroll, acting in their individual and official capacities, violated the plaintiffs' due process rights under the Fourteenth Amendment. Fifth, the plaintiffs alleged that Vulcan's "project in any of its stages is a nuisance."

On 21 November 1988, the trial court issued a preliminary injunction, restraining Vulcan "from conducting any mining operations" on the site at issue. On 29 November 1988, the defendants other than Vulcan (the State defendants) moved for summary judgment. On 20 December 1988, Vulcan moved for summary judgment on the plaintiffs' first three claims. On 29 December 1988, the plaintiffs moved for summary judgment on their first three claims. After hearing these and other motions, the trial court granted partial summary judgment as follows: summary judgment in favor of all State defendants was allowed on claims one, two, four, and five; summary judgment in favor of defendant Vulcan was allowed on claims one and two; summary judgment for plaintiffs and against defendants Vulcan and DEHNR was allowed on claim three; and summary judgment in favor of the State defendants other than DEHNR was allowed on claim three. The court declared that "Mining Permit 11-08 issued to the Defendant Vulcan on April 18, 1988 is void." Finally, the court stayed, pending further orders, trial of claim five against defendant Vulcan.

[1] Turning to the questions presented on appeal, we address first the contention of defendants DEHNR and Vulcan that the trial court erred in granting summary judgment against them on the plaintiffs' third claim, the EIS claim. Among other assignments of error regarding the court's disposition of that claim, the defendants contend that the trial court lacked subject matter jurisdiction to invalidate the permit because the plaintiffs failed to exhaust their administrative remedies. We agree.

Regulations promulgated under the authority of § 74-63 of the Mining Act empower the Director, Division of Land Resources, Department of Environment, Health, and Natural Resources to issue, deny, modify, renew, suspend, and revoke permits. N.C. Admin. Code tit. 15A, r.5A.0202(a) [3/20/90]. The plaintiffs in the case below challenged the decision of Stephen Conrad, Director of DLR, to issue a permit to Vulcan without requiring the company to submit an EIS. When a dispute between a state agency and another person arises and cannot be settled informally, the procedures for resolving the dispute are governed by the Administrative Procedure Act (APA), N.C. Gen. Stat. §§ 150B-1 to -63. *See Vass v. Bd. of Trustees of State Employees' Medical Plan*, 324 N.C. 402, 405, 379 S.E.2d 26, 27-28 (1989). Thus, the proper course for the plaintiffs was to exhaust their remedies under the APA before seeking judicial review.

The purpose of the APA "is to establish as nearly as possible a uniform system of administrative rule making and adjudicatory procedures for State agencies," and the APA applies "to every agency as defined in G.S. § 150B-2(1), except to the extent and in the particulars that any statute, including subsection (d) of this section, makes specific provisions to the contrary." N.C. Gen. Stat. § 150B-1(b), (c) (1989). DEHNR is indisputably a state agency. N.C. Gen. Stat. § 150B-2(1) (1989). DEHNR is not among those agencies which the APA specifically exempts from its provisions. N.C. Gen. Stat. § 150B-1(d) (1989). The Mining Act provides that "[a]ny affected person may contest a decision of the Department [DEHNR] to deny, suspend, modify, or revoke a permit or a reclamation plan," but it does not exclude DEHNR or persons aggrieved by its decisions from the operation of the APA. N.C. Gen. Stat. § 74-61 (Cum. Supp. 1989). As our Supreme Court has held, the "General Assembly intended only those agencies it expressly and unequivocally exempted from the provisions of the Administrative Procedure Act be excused in any way from the Act's requirements and, even in those instances, that the exemption apply only to the extent specified by the General Assembly." *Vass*, 324 N.C. at 407, 379 S.E.2d at 29.

The procedural route that the plaintiffs could and should have taken is laid out in the APA. The pertinent sections provide, in part, as follows:

Notwithstanding any other provision of law, if the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a "contested case."

N.C. Gen. Stat. § 150B-22 (1989).

A contested case shall be commenced by filing a petition with the Office of Administrative Hearings and, except as provided in Article 3A of this Chapter, shall be conducted by that Office. The party who files the petition shall also serve a copy of the petition on all other parties and shall file a certificate of service together with the petition. Any petition filed by a party other than an agency shall be verified or supported by affidavit and shall state facts tending to establish that the agency named as the respondent has deprived the petitioner of property, has ordered the petitioner to pay a fine or civil penalty, or has otherwise substantially prejudiced the petitioner's rights and that the agency:

(1) Exceeded its authority or jurisdiction;

(2) Acted erroneously;

(3) Failed to use proper procedure;

(4) Acted arbitrarily or capriciously; or

(5) Failed to act as required by law or rule.

The parties in a contested case shall be given an opportunity for a hearing without undue delay. Any person aggrieved may commence a contested case hereunder.

N.C. Gen. Stat. § 150B-23 (1989).

Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute.

N.C. Gen. Stat. § 150B-43 (1989).

To obtain judicial review of a final decision under this Article, the person seeking review must file a petition in the Superior Court of Wake County or in the superior court of the county where the person resides.

The person seeking review must file the petition within 30 days after the person is served with a written copy of the decision. . . . For good cause shown, however, the superior court may accept an untimely petition.

N.C. Gen. Stat. § 150B-45 (1989). As our Supreme Court held in *Vass*, which involved the decision of a state agency to deny a state employee's claim for medical expenses, we likewise hold here that the decision of DEHNR to issue a mining permit "was subject to judicial review only under the terms of the Administrative Procedure Act." *Vass*, 324 N.C. at 409, 379 S.E.2d at 30. Because the plaintiffs failed to exhaust the administrative remedies available under the APA, we hold that the trial court was without subject matter jurisdiction over the plaintiffs' third claim. *Id.*

[2] The plaintiffs' failure to exhaust their administrative remedies before seeking judicial review also precludes declaratory relief on their first and second claims.

Plaintiffs' first claim, liberally construed, alleges that the Mining Act is unconstitutional both facially and as applied. In their brief plaintiffs assert chiefly the unconstitutionality of the act as applied. They contend that their first "action [claim] is predicated upon the failure of the DLR (Division of Land Resources) or the Mining Commission to abide by the mandate of the Administrative Procedures [*sic*] Act . . . . As construed by the DLR, Plaintiffs have no rights under the Mining Act. Unless they are accorded due process by the informal procedures employed, the [Mining] Act is unconstitutional."

Plaintiffs' argument overlooks the opportunity to receive a formal, evidentiary hearing on the record provided by §§ 150B-23 to -37 of the APA. Upon appeal of a final decision of a contested case, § 150B-51 provides as follows:

(b) Standard of Review. — After making the determinations, if any, required by subsection (a), the court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. *It may also reverse or modify the agency's decision if the substantial rights of the petitioners*

*may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:*

(1) *In violation of constitutional provisions;*

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious. [Emphasis added.]

As this Court held in *Porter v. Dept. of Insurance*, "[s]o long as the statutory procedures provide an effective means of review of the agency action, the courts will require parties to exhaust their administrative remedies." 40 N.C. App. 376, 381, 253 S.E.2d 44, 47, *disc. review denied*, 297 N.C. 455, 256 S.E.2d 808 (1979). That proposition was reaffirmed, specifically with regard to constitutional due process rights, by *Murphy v. McIntyre* in which the court held that "plaintiff's constitutional claim was properly dismissed for failure to exhaust her administrative remedies." 69 N.C. App. 323, 328, 317 S.E.2d 397, 400 (1984); *accord, In re DeLancy*, 67 N.C. App. 647, 651, 313 S.E.2d 880, 883, *disc. review denied*, 311 N.C. 756, 321 S.E.2d 130 (1984).

Likewise, the proper and necessary route for presenting the plaintiffs' second claim (failure of DEHNR to abide by the requirements of the Mining Act and rules promulgated under it) is provided by the APA. As we have noted, § 150B-23 of the APA provides that

[a]ny petition filed [with the Office of Administrative Hearings] by a party other than an agency . . . shall state facts tending to establish . . . that the agency:

(1) Exceeded its authority or jurisdiction;

(2) Acted erroneously;

(3) *Failed to use proper procedure;*

(4) Acted arbitrarily or capriciously; or

(5) *Failed to act as required by law or rule.* [Emphasis added.]

We note that on 12 July 1988, effective for agency decisions made on or after 1 October 1988, N.C. Gen. Stat. § 150B-23 was amended as follows:

(f) Unless another statute or a federal statute or regulation sets a time limitation for the filing of a petition in contested cases against a specified agency, the general limitation for the filing of a petition in a contested case is 60 days. The time limitation, whether established by another statute, federal statute, or federal regulation, or this section, shall commence when notice is given of the agency decision to all persons aggrieved who are known to the agency by personal delivery or by the placing of the notice in an official depository of the United States Postal Service wrapped in a wrapper addressed to the person at the latest address given by the person to the agency. The notice shall be in writing, and shall set forth the agency action, and shall inform the persons of the right, the procedure, and the time limit to file a contested case petition.

1987 N.C. Session Laws (Reg. Sess., 1988), c.1111, s.5. We note, too, that DEHNR Departmental Rules currently provide that

(a) Any person entitled to a hearing under this Section may request a hearing within 60 days after receipt of notification of the action taken or proposed to be taken.

(b) The hearing is to be conducted in accordance with G.S. 150B and 26 NCAC 3 — Office of Administrative Hearings, Hearings Division.

N.C. Admin. Code tit. 15A, r.01B.0203 (02/22/90). However, the issues of (1) the applicable time limit when plaintiffs initiated the case below and (2) whether plaintiffs are now time-barred from commencing a "contested case" proceeding are not presented, and we do not decide them.

Turning last to the plaintiffs' fourth claim, brought under 42 U.S.C. § 1983, we note initially that plaintiffs in their brief abandon that claim as to Thomas Rhodes. As to the remaining defendants in claim four, having examined the record and briefs, we conclude

that plaintiffs' assignment of error to the trial court's order of summary judgment in favor of those defendants is without merit.

[3] Finally, we address the issue of the violation of the Rules of Appellate Procedure by former counsel for the plaintiffs. Ronald W. Howell, who filed the record on appeal and briefs for the plaintiffs before withdrawing from the case, filed a brief of 80 single-spaced pages of argument, a gross violation of Rule 28(j) of the N.C. Rules of .Appellate Procedure. In our discretion pursuant to Rule 35 of the Appellate Rules, we assess the portion of the costs of the appeal attributable to plaintiff appellants' excessively long brief against Attorney Howell, with plaintiffs bearing the remainder of the costs of the appeal.

Because the trial court did not have subject matter jurisdiction over the first three claims, the case below must be remanded so that partial summary judgment in favor of the plaintiffs, with respect to the third claim, can be vacated and the declaratory judgment action dismissed. With respect to the fourth claim, the trial court's order of 8 March 1989 is affirmed.

Affirmed in part, reversed in part, and remanded.

Judges WELLS and LEWIS concur.