An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-201

Filed: 20 October 2015

Wayne County, No. 14 OSP 05062

MARTIN J. RIOS, Plaintiff,

v.

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHERRY HOSPITAL, Defendant.

Appeal by plaintiff from order entered 3 November 2014 by Administrative Law Judge Melissa Owens Lassiter at the Office of Administrative Hearings. Heard in the Court of Appeals 27 August 2015.

> *Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellant.*

> *Attorney General Roy Cooper, by Assistant Attorney General Charlene Richardson, for defendant-appellee.*

DIETZ, Judge.

On 5 February 2013, Cherry Hospital, a state-run psychiatric hospital in Goldsboro, hired Plaintiff Martin Rios as a Health Care Technician. Sixteen months later, Cherry Hospital fired Rios for violating a hospital policy prohibiting audio recording devices in patient care units.

After he was fired, Rios filed a petition for a contested case with the Office of Administrative Hearings (OAH). Rios argued that he had been switched from

"probationary" to "permanent" employment status at Cherry Hospital after nine months and, as a permanent employee, he was entitled to grieve his termination through the OAH. Rios also asserted claims of workplace discrimination and retaliation.

The administrative law judge (ALJ) dismissed all of Rios's claims for lack of subject matter jurisdiction and Rios timely appealed. We affirm. The grievance procedure Rios sought to invoke applies only to "career State employees." That is a specially defined term in our State's personnel laws and, both at the time Rios was hired and when he was terminated, required state employees to work in an eligible position continuously for 24 months before qualifying as a "career State employee." Rios had only worked at Cherry Hospital for 16 months at the time he was terminated. Thus, the ALJ properly determined that it could not invoke the statutory grievance process for career State employees.

In addition, Rios was required to exhaust his administrative remedies before pursuing his discrimination and retaliation claims with OAH. Rios filed an Equal Employment Opportunity complaint but, after receiving information about the internal grievance process from the Department of Health and Human Services, chose not pursue that process further before petitioning for a contested case with OAH. Accordingly, the ALJ properly dismissed his discrimination and retaliation claims for failure to exhaust administrative remedies.

**Facts and Procedural Background**

Cherry Hospital, a state-run psychiatric hospital in Goldsboro, hired Rios to work as a full-time Health Care Technician on 5 February 2013. After nine months, the hospital changed his employment status from "probationary" to "permanent." The State Personnel Database subsequently listed him with the designation "FT Permanent."

On 21 June 2014, Cherry Hospital put Rios on "investigatory placement" with pay pending an investigation into alleged unacceptable personal conduct and unsatisfactory job performance. The investigation began after hospital staff discovered an audio recorder belonging to Rios that contained personal medical information about hospital patients in violation of hospital policy. On 30 June 2014, Cherry Hospital fired Rios.

Rios challenged his termination by filing a petition for a contested case hearing with the OAH. The petition alleged that Cherry Hospital: (1) lacked just cause to dismiss him from employment as required by statute, and (2) discriminated and retaliated against him based on his race by terminating his employment.

Following a hearing, the ALJ dismissed all of Rios's claims for lack of subject matter jurisdiction. The ALJ concluded that Rios could not grieve his termination for lack of just cause because he did not satisfy the statutory definition of a "career State employee." The ALJ further concluded that Rios had failed to exhaust his

administrative remedies before pursuing his discrimination and retaliation claims with OAH. Rios timely appealed.

## Analysis

"In cases appealed from administrative tribunals, we review questions of law de novo and questions of fact under the whole record test." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 386, 628 S.E.2d 1, 2 (2006).

## I.     Termination for Just Cause

Rios first argues that he was a "permanent" state employee and thus had a right to challenge his termination in a grievance proceeding at the OAH. As explained below, we find no error in the ALJ's determination that it lacked jurisdiction to hear Rios's claim.

The North Carolina Human Resources Act provides that "[n]o *career State employee* subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." N.C. Gen. Stat. § 126–35 (emphasis added). A career State employee whose employment is terminated for cause is entitled to a statutory grievance procedure first through his employer and ultimately to the OAH. The term "career State employee" is defined, in relevant part, as follows:

> (a) For the purposes of this Chapter, unless the context clearly indicated otherwise, "career State employee" means a State employee of a local entity who is covered by this Chapter pursuant to G.S. 126-5(a)(2) who:

(1) Is in a permanent position appointment, and

(2) Has been continuously employed by the State of North Carolina or a local entity as provided in G.S. 126–5(a)(2) in a position subject to the State Personnel Act *for the immediate 24 preceding months.*

N.C. Gen. Stat. 126-1.1 (emphasis added).

Importantly, although these portions of the state Human Resources Act have been amended over time, the requirement that a "career State employee" be continuously employed for the immediate 24 preceding months has been present since this law was first enacted in 1995 and was in effect both when Rios was hired and when he was terminated. *See* 1995 N.C. Laws Ch. 141 (S.B. 405) (1995); N.C. Gen. Stat. 126-1.1 (2013).

It is undisputed that Rios was not continuously employed by Cherry Hospital or any other State employer for the 24 months immediately preceding his termination. Thus, the ALJ correctly determined that Rios was not a "career State employee." Rios repeatedly points to employment records indicating that Cherry Hospital moved him from "probationary" to "permanent" status as proof that he was a "career State employee." But the term "career State employee" is defined by statute and, regardless of whether an employee is designated as probationary or permanent, he cannot satisfy the statutory definition until he has been continuously employed in

an eligible position for 24 months. Accordingly, we hold that the ALJ correctly determined that it lacked jurisdiction over Rios's just cause claim, which is available only to career State employees.

## II.    Failure to Exhaust Administrative Remedies

Defendant next argues that the trial court erred in dismissing for lack of subject matter jurisdiction his claims for discrimination and harassment, retaliation, and wrongful termination. Again, we find no error in the ALJ's ruling.

"So long as the statutory procedures provide an effective means of review of the agency action, the courts will require parties to exhaust their administrative remedies." *Porter v. Dep't of Ins.*, 40 N.C. App. 376, 381, 253 S.E.2d 44, 47 (1979). "When the General Assembly provides an effective administrative remedy by statute, that remedy is exclusive and the party must pursue and exhaust it before resorting to the courts." *Jackson v. N.C. Dep't of Human Res.*, 131 N.C. App. 179, 186, 505 S.E.2d 899, 903 (1998).

Here, the General Assembly has enacted administrative remedies that apply to Rios's discrimination claims. Section 126-34.01 of the General Statutes provides:

> Any State employee having a grievance arising out of or due to the employee's employment shall first discuss the problem or grievance with the employee's supervisor, unless the problem or grievance is with the supervisor. Then the employee shall follow the grievance procedure approved by the State Human Resources Commission. The proposed agency final decision shall not be issued nor

become final until reviewed and approved by the Office of
State Human Resources. . . .

N.C. Gen. Stat. 126-34.01 (2013).

It is undisputed that Rios did not follow the grievance procedure established by the State Human Resource Commission and instead immediately pursued a claim with the OAH. Rios argues that when he contacted Ron Hill, Cherry Hospital's Employee/Employer Relations Manager, Mr. Hill told Rios that he had no grievance options. Therefore, he assumed there were no administrative remedies available for his discrimination claims other than filing with OAH.

But several weeks after his conversation with Mr. Hill, Rios filed an "Equal Employment Opportunity Informal Complaint Form" with the North Carolina Department of Health and Human Services, the first step in the administrative procedure to pursue a discrimination or retaliation claim. Antonio Cruz, the agency's Equal Employment Opportunity Director, reviewed the complaint, determined that the complaint "did not support a finding of reasonable cause that the alleged actions rise to the level of unlawful retaliation," and notified Rios by certified mail of his right to pursue an internal grievance if he was not satisfied with Mr. Cruz's decision. Rios did not pursue that administrative process and instead pursued relief directly from OAH. Accordingly, we hold that the ALJ correctly concluded that Rios had failed to exhaust his administrative remedies, thereby depriving OAH of jurisdiction to hear his claims.

## Conclusion

For the reasons stated above, we affirm the Office of Administrative Hearing's dismissal of Plaintiff Martin J. Rios's claims for lack of subject matter jurisdiction.

AFFIRMED.

Judges HUNTER, JR. and DILLON concur.

Report per Rule 30(e).