REGINALD B. INMAN, Plaintiff-Appellant v. SYLVIA M. INMAN, Defendant-Appellee

No. COA98-1029

(Filed 7 March 2000)

**Appeal and Error— preservation of issues—denial of motion to dismiss—no formal objection required—new theory— lost benefit of objection**

Although N.C.G.S. § 1A-1, Rule 46(b) preserved plaintiff-husband's objection and he was not required to formally object or except to the trial court's order which partially denied his motion to dismiss defendant-wife's counterclaim for equitable distribution on the ground that the parties had entered into a separation agreement and property settlement that settled any equitable distribution claims under N.C.G.S. § 50-20(d), (1) plaintiff thereafter lost the benefit of his objection by developing another theory of defense when the issues were set out in a pretrial order to which plaintiff freely consented while represented by competent counsel; and (2) even if the trial court erred in its ruling on plaintiff's motion to dismiss, plaintiff has not been prejudiced since he assigned no error to any action of the trial court during trial of this case, nor does he object or except to any of the findings of fact and conclusions of law.

Judge GREENE concurring in the result.

Appeal by plaintiff from judgment entered 17 April 1998 by Judge V. Bradford Long in Randolph County District Court. Originally heard in the Court of Appeals 17 August 1999. An opinion affirming the judgment of the trial court was filed on 7 September 1999. Plaintiff's Petition for Rehearing was filed on 12 October 1999, granted on 3 November 1999, and heard after the filing of additional briefs but without oral argument. This opinion supersedes in all respects the previous opinion of this Court.

Reginald B. Inman (plaintiff) and Sylvia M. Inman (defendant) were married on 18 October 1987 and separated on 14 April 1991. On 19 April 1991, the parties entered into a settlement of all matters arising from their marriage. In the portion of their "Separation Agreement and Property Settlement" (the Agreement) labeled "Separation Agreement," the parties agreed to live separate and apart from each other; and in the portion labeled "Property Agreement," they agreed on a division of their real and personal property. In a portion of the

INMAN v. INMAN

[136 N.C. App. 707 (2000)]

Agreement labeled "Final Provisions" the parties agreed that they were making a settlement under the North Carolina Equitable Distribution Act and were executing the Agreement pursuant to the provisions of N.C. Gen. Stat. § 50-20(d) (1995). The Agreement contained the following provision relating to the effect of a reconciliation on the property settlement portion of the Agreement:

> 11. EFFECT OF RECONCILIATION ON PROPERTY SETTLE-
> MENT. In the event of reconciliation and resumption of the marital relationship between the parties, the provisions of this Agreement for settlement of property rights shall nevertheless continue in full force and effect without abatement of any term or provision hereof, except as otherwise provided by written agreement duly executed by each of the parties after the date of reconciliation.

The parties reconciled in April 1992 and lived together as husband and wife until April or May 1995, at which time they again separated. The plaintiff filed for absolute divorce in September 1996. The defendant filed a verified answer, in which she asserted counterclaims for equitable distribution, postseparation support, permanent alimony, and attorney fees. The plaintiff then filed a reply to the defendant's counterclaims, pleading the Agreement in bar, and praying that the defendant's counterclaims be dismissed with prejudice.

On 11 February 1997, a judgment of absolute divorce was entered without prejudice to the other pending claims. On 10 June 1997, the trial court considered plaintiff's motion to dismiss and concluded that the portion of the Agreement "purporting to waive the Defendant's rights to future alimony and/or support is void as against public policy." The trial court further concluded that the defendant's counterclaim for equitable distribution was barred by the Agreement as to property acquired before the reconciliation of the parties; however, as to property acquired after the parties reconciled the trial court ruled that equitable distribution was not barred. The order was signed by the trial court on 10 June 1997 and filed on 11 June 1997 in the Office of the Clerk of Court for Randolph County. The record reflects no objection to the order by either party.

After numerous continuances, a pretrial order was executed by all parties and counsel on 3 February 1998. The order provided in pertinent part as follows:

INMAN v. INMAN

[136 N.C. App. 707 (2000)]

2. Plaintiff and Defendant were married October 18, 1987 then separated April, 1991 and entered into a Separation Agreement and Property Settlement. Plaintiff contends that he and the Defendant reconciled on or about May 1, 1992, the Defendant contends that she and the Plaintiff reconciled sometime in April, 1992. Only property acquired after the reconciliation and improvements made to Plaintiff's property after the date and time of reconciliation are included.

3. The Plaintiff and Defendant again separated May 19, 1995.

4. The date of valuation is May 19, 1995.

5. An equal division is an equitable division.

The pretrial order then set out several issues with regard to classification, valuation, and distribution of those items of property acquired after the parties' reconciliation. Following a bench trial on 18 March 1998, the trial court concluded that the parties had acquired marital property valued at a total of $13,909.65 after their reconciliation. The trial court further found that all marital property was in the possession of the plaintiff and distributed all items of marital property to plaintiff. Plaintiff was ordered to pay a distributive award of $6,954.82 (one-half of the value of the marital estate) to the defendant within ten days.

On 15 April 1998, plaintiff caused a notice of appeal to be filed with the Clerk and served a copy of the same on counsel for defendant. No written judgment had been entered at that time. The Notice of Appeal read as follows:

NOW COMES the Plaintiff by and through counsel, and excepts and gives Notice of Appeal to the North Carolina Court of Appeals from the Judgment of the Court on March 18, 1998, entered in this cause on _____, and filed on _____, the Honorable V. Bradford Long presiding.

The Plaintiff, by and through his counsel of record, specifically objects and takes exception to those parts of the judgment entered in this cause as aforesaid to wit, the Plaintiff's Motion to Dismiss.

The Plaintiff reserves further exceptions to be served with the Case on Appeal in this cause.

A written equitable distribution judgment was entered on 17 April 1998.

*C. Orville Light for plaintiff appellant.*

*O'Briant, Bunch, Robins & Stubblefield, by Julie H. Stubblefield, for defendant appellee.*

HORTON, Judge.

On appeal, plaintiff argues one question: "Does the separation agreement and property settlement as written bar the defendant from claiming equitable distribution in property acquired after a reconciliation?"

We first note that plaintiff did not object to the 11 June 1997 order of the trial court ruling that the separation and property settlement agreement did not bar defendant from seeking equitable distribution of property acquired by the parties after their reconciliation. Our Supreme Court has recently ruled that, if an interlocutory order is entered during the pendency of litigation, a party can later seek appellate review of that interlocutory order under the provisions of N.C. Gen. Stat. § 1-278, which provides that, " '[u]pon an appeal from a *judgment,* the court may review any *intermediate order* involving the merits and necessarily affecting the judgment.' " *Floyd and Sons, Inc. v. Cape Fear Farm Credit,* 350 N.C. 47, 51, 510 S.E.2d 156, 159 (quoting N.C. Gen. Stat. § 1-278 (1996), *disc. review denied,* 350 N.C. 830, —— S.E.2d —— (1999)). In *Floyd,*

> plaintiffs duly objected to the election of remedies order at trial and gave timely notice of appeal from the 19 May 1995 final judgment entered by the trial court. Accordingly, pursuant to N.C.G.S. § 1-278, we find that the interlocutory order compelling election of remedies entered on 1 May 1995 was reviewable on appeal along with the final judgment of 19 May 1995. Furthermore, we note that it is quite clear from the record that plaintiffs sought appeal of the election order. *The objection at trial to the election order properly preserved the question for appellate review. See* N.C.R. App. P. 10(b)(1).

*Id.* at 52, 510 S.E.2d at 159 (emphasis added).

Rule 10(b)(1) of the Rules of Appellate Procedure provides in part that

## INMAN v. INMAN

[136 N.C. App. 707 (2000)]

[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. . . . Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal *by objection noted or which by rule or law was deemed preserved or taken without any such action*, may be made the basis of an assignment of error in the record on appeal.

N.C.R. App. P. 10(b)(1) (emphasis added). In the case before us, plaintiff made no objection to the ruling of the trial court which partially denied his plea in bar. He contends, however, that his objection to the order of the trial court was preserved by operation of Rule 46 of the North Carolina Rules of Civil Procedure. We agree. Rule 46(b) provides that

[w]ith respect to rulings and orders of the court not directed to the admissibility of evidence, formal objections and exceptions are unnecessary. In order to preserve an exception to any such ruling or order or to the court's failure to make any such ruling or order, it shall be sufficient if a party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor . . . .

N.C.R. Civ. P. 46(b) (1999). In *Barbour v. Little*, 37 N.C. App. 686, 247 S.E.2d 252, *disc. review denied*, 295 N.C. 733, 248 S.E.2d 862 (1978), defendants moved to dismiss, pursuant to Rule 12(b)(6), plaintiffs' claim for declaratory judgment on the grounds that no genuine controversy existed at that time. The trial court in *Barbour* entered an order denying the motion to dismiss, and defendants did not except to entry of the order. Later, defendants sought to raise on appeal the validity of the trial court's denial of their motion to dismiss, and plaintiffs objected on the grounds that defendants had not properly excepted to the entry of the order denying the motion to dismiss. In holding that the defendants' cross-assignment of error with regards to the denial of their motion to dismiss was properly before this Court, we stated:

Under G.S. 1A-1, Rule 46(b), with respect to rulings and orders of the trial court not directed to admissibility of evidence, no formal objections or exceptions are necessary, it being sufficient to pre-

serve an exception that the party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor. This the defendants did when they filed their motion to dismiss under Rule 12(b)(6). No further action by defendants in the trial court was required to preserve their exception. In the record on appeal defendants properly set out their exception to Judge Lee's order, as they were expressly permitted to do by Rule 10(d) of the Rules of Appellate Procedure. We find that the question of the validity of Judge Lee's order denying defendants['] motion to dismiss under Rule 12(b)(6) has been properly preserved by defendants' cross assignment of error and is before us on this appeal.

*Barbour,* 37 N.C. App. at 692-93, 247 S.E.2d at 256. In the present case, the plaintiff's motion to dismiss was based on the separation agreement and property settlement. The motion made clear what action plaintiff wanted the trial court to take and the grounds for that action. Therefore, we hold that the plaintiff was not required to formally object or except to the order of the trial court which partially denied his motion to dismiss.

Although plaintiff's objection to the order of the trial court with regard to the effect of the Agreement on defendant's counterclaim for equitable distribution was preserved by the operation of Rule 46(b), he thereafter lost the benefit of his objection by developing another theory of defense. Prior to the trial of this matter, plaintiff entered into a pretrial order in which he and defendant stipulated that the eight items set forth on Schedules A and B of the pretrial order, including the plaintiff's retirement plan, were marital property. The parties disagreed as to the value of seven of the items. The trial court valued the items listed in Schedules A and B at a total of $12,654.65.

The parties further disagreed as to whether eleven additional items listed on Schedule E of the pretrial order were marital property. Defendant relinquished her claim to three of the eleven items. With regard to the remaining eight items enumerated on Schedule E, plaintiff contends that five of the items were his separate property, because they were acquired prior to the first separation of the parties; that one item was acquired prior to the reconciliation of the parties; and that two of the items represented work done to improve the former marital residence prior to the first separation. The trial court

INMAN v. INMAN

[136 N.C. App. 707 (2000)]

found that four of the Schedule E items were the separate property of the plaintiff, and found that the remaining four items on Schedule E were marital property. The four items found to be marital property were as follows:

2. Glass enclosure for the fireplace

4 Antique sideboard

6. Antique China Cabinet

7. Wishing Well.

Plaintiff's contention in the pretrial order was that each of these four items was acquired *prior* to the first separation of the parties and was therefore his separate property pursuant to the 1991 property settlement. Plaintiff does not complain on this appeal about the trial court's classification of the items of property as marital property. Furthermore, the items on Schedules A and B were admittedly acquired after the reconciliation of the parties, yet plaintiff at no time contended that equitable distribution of the items on Schedules A and B was barred because of the Agreement the parties entered into following their first separation. Instead, plaintiff stipulated that an equal division of the marital property would be equitable. Therefore, once the court determined that the items were marital rather than separate property, they became subject to an equal division between the parties in accordance with their pretrial stipulations.

Furthermore, the parties stipulated in the pretrial order that "he or she agrees with the facts and issues classified as agreed upon and stipulates that the facts and issues classified as being in dispute are accurately reflected and that there are no other issues to be determined by the Court . . . ." The pretrial order sets out the issues to be ruled upon by the trial court, but does not include any issue relating to the effect of the Agreement.

When a conference is held prior to the trial of a matter in an effort, among other things, to simplify and formulate the issues, the trial court is to make an order following the conference

which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; *and such order when entered controls the subsequent*

*course of the action, unless modified at the trial to prevent manifest injustice.*

N.C. Gen. Stat. § 1A-1, Rule 16(a)(7) (1999) (emphasis added).

The record does not reflect any motion to modify the terms of the pretrial order. At no time did plaintiff contend that he was entering into stipulations contained in the pretrial order subject to a later appeal of the trial court's ruling on his motion to dismiss the equitable distribution action. There is no contention by plaintiff that the stipulations were not freely and voluntarily entered into by the parties. The pretrial order was signed by the parties and the trial court, and the case was tried in reliance on the pretrial order and its stipulations.

Thus, even if we assume for the purpose of argument that the trial court erred in its ruling on plaintiff's motion to dismiss defendant's counterclaim for equitable distribution, which we do not concede, plaintiff has not been prejudiced by that error under the facts of this case. Although plaintiff appealed from the judgment of equitable distribution, he assigns no error to any action of the trial court in the trial of this case, nor does he object or except to any of the findings of fact and conclusions of law made by the trial court. Pursuant to the "stipulations, contentions, and disclosures of the parties," and the evidence adduced at trial, the trial court classified as marital certain property acquired by the parties following their reconciliation, valued that property, and distributed it equally between the parties.

In his effort to complain on appeal about the trial court's partially unfavorable ruling on his motion to dismiss defendant's counterclaim for equitable distribution, plaintiff seeks to advance a theory entirely different from the theory on which this case was tried. The issues before the trial court, however, were set out in a pretrial order to which plaintiff freely consented while represented by competent counsel, and plaintiff may not now take an inconsistent position on appeal. "The theory upon which a case is tried in the lower court must prevail in considering the appeal and interpreting the record and determining the validity of the exceptions." *Parrish v. Bryant*, 237 N.C. 256, 259, 74 S.E.2d 726, 728 (1953); *see also Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("the law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court[]"), and *In re Peirce*, 53 N.C. App. 373, 382, 281 S.E.2d 198, 204 (1981) (where respondents stipulated to the use of "recording machines in lieu of a court reporter," they waived on appeal any

objection about the quality of the recording equipment used in the trial court).

We find no prejudicial error in the trial of this case. The judgment of the trial court is

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge GREENE concurs in the result with separate opinion.

Judge GREENE concurring in the result.

I do not agree with the majority that plaintiff "lost the benefit of his objection [to the trial court's order denying his motion to dismiss] by developing another theory of defense" during the equitable distribution hearing.

The North Carolina Rules of Civil Procedure allow a party to plead "as many separate claims or defenses as he has regardless of consistency," N.C.G.S. § 1A-1, Rule 8(e)(2) (1999), and a party may "prove inconsistent or alternative theories" at trial, *Hall v. Mabe*, 77 N.C. App. 758, 760, 336 S.E.2d 427, 429 (1985).

In this case, plaintiff made a motion to dismiss defendant's counterclaim for equitable distribution on the ground the parties had entered into the Agreement settling any equitable distribution claims pursuant to N.C. Gen. Stat. § 50-20(d). The trial court, however, denied plaintiff's motion in part, finding "[d]efendant's equitable distribution as to property acquired before the . . . Agreement is barred," and "[d]efendant's Counterclaim for equitable distribution as to property acquired after the previous reconcil[iation] or for improvements to any of the property previously owned by the parties, is allowed." Defendant then proceeded with her equitable distribution claim as to property acquired subsequent to the reconciliation. Because the trial court had denied, in part, plaintiff's motion, plaintiff could not raise the Agreement as a defense during the equitable distribution hearing. Plaintiff, however, was entitled to raise alternative theories of defense during the equitable distribution hearing, including theories inconsistent with his motion to dismiss, without waiving his right to appeal the trial court's partial denial of his motion to dismiss. To hold otherwise would require a plaintiff to make a choice between abandoning alternative theories at trial or waiving his right to appeal the

trial court's adverse ruling. *See* 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 22, at 93 (5th ed. 1998) (rule allowing party to explain evidence admitted over that party's objection without waiving objection "rescue[s] objecting counsel from the dilemma . . . of leaving the objectionable evidence unexplained and unrebutted or losing the benefit of his objection by pursuing the matter further on cross-examination or by other evidence").

I, nevertheless, agree with the majority that plaintiff waived his right to appeal the trial court's partial denial of his motion to dismiss. Plaintiff entered into a pretrial order which, in essence, stipulated property acquired subsequent to reconciliation was included in defendant's equitable distribution claim. This stipulation is inconsistent with plaintiff's contention that the Agreement barred defendant's equitable distribution claim, and plaintiff is bound by his stipulations. *See Crowder v. Jenkins*, 11 N.C. App. 57, 63, 180 S.E.2d 482, 486 (1971) ("[a]dmissions in the pleadings and stipulations by the parties have the same effect as a jury finding . . . and nothing else appearing, they are conclusive and binding upon the parties and the trial judge"). I, therefore, would affirm the trial court's judgment on these facts.