DONALD E. SELLERS, Employee, Plaintiff v. FMC CORPORATION, Employer, NATIONAL UNION FIRE INSURANCE COMPANY and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Carriers, Defendants

No. COA11-12

(Filed 4 October 2011)

### 1. Appeal and Error—jurisdiction—review of intermediate order

The Court of Appeals had jurisdiction to review an order from the Industrial Commission where the notice of appeal designated the Full Commission's opinion and award as the subject of appeal but plaintiff's first issue related to an earlier order.

**SELLERS v. FMC CORP.**

[216 N.C. App. 134 (2011)]

Plaintiff met the requirements of N.C.G.S. § 1-278, as expounded in *Yorke v. Novant Health, Inc*, 192 N.C. App. 340, for review of an intermediate order involving the merits and necessarily affecting the judgment.

**2. Workers' Compensation—jurisdiction of Full Commission— appeal from order of Chair—not timely—no excusable neglect**

The Industrial Commission did not have jurisdiction to hear defendant's appeal from an order of the Chair vacating denials of defendant's motion for reconsideration where defendant did not timely appeal and there was no excusable neglect. Defendant argued that there was confusion due to two intertwined cases, but assuming rather than confirming that a notice of appeal had been filed did not amount to excusable neglect.

Appeal by plaintiff and cross-appeal by defendant, FMC Corporation, from the opinion and award of the North Carolina Industrial Commission filed 28 July 2010. Heard in the Court of Appeals 16 August 2011.

*Wallace and Graham, P.A., by Cathy A. Williams and Edward L. Pauley, for plaintiff appellant-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Neil P. Andrews and M. Duane Jones, for defendant appellants-appellees.*

McCULLOUGH, Judge.

Donald E. Sellers ("plaintiff") appeals and FMC Corporation ("defendant") cross-appeals from the Full Commission's Opinion and Award dated 28 July 2010. For the reasons discussed herein, we agree with plaintiff and reverse.

I. Background

Plaintiff worked for defendant and its predecessors from 1974 to 2002. He started out as a welder and moved to the electrical and instrumentation shop in 1993 or 1994, while continuing to do some welding. During his employment, plaintiff was continually exposed to high-intensity light from his and his coworkers' welding. Plaintiff began to experience difficulty with his vision in 2000. Defendant provided glasses for plaintiff, but the glasses did not help his vision.

In 2002, Dr. Jonathan D. Christenbury diagnosed plaintiff with a type of cataracts typically seen in glass blowers and welders due to the exposure to high-intensity light. Following diagnosis, plaintiff underwent separate surgeries on each eye and upon completion of the surgeries was diagnosed with macular edema, a thickening and swelling of the retina, which is a common complication of cataract surgery. The macular edema caused substantial blindness. Christenbury Eye Associates submitted four short-term disability forms to defendant, stating that plaintiff could not return to work due to vision loss. Defendant terminated plaintiff in early October 2002. Plaintiff subsequently filed his workers' compensation claim on 23 October 2002.

Plaintiff's workers' compensation claim consisted of two claims, one for the injury to his eyes, and another for asbestosis, contracted as a result of exposure during his employment with defendant. The two claims were consolidated and heard by Deputy Commissioner George T. Glenn, II, on 20-21 August 2008 and 27 October 2008.

On one of the short-term disability forms, Dr. Samuel A. Gallo noted that plaintiff's cataracts were "most likely caused by the high-intensity light [due to] welding." During the hearing it came out that Dr. Mark Malton had initially seen plaintiff in 2003 and told plaintiff that he did not believe welding caused cataracts. However, Dr. Malton had not done a thorough study on the subject at the time. In 2008, Dr. Malton was asked to help with plaintiff's case, but did not realize he had seen plaintiff in 2003. After doing some research, Dr. Malton testified that he believed welding could cause cataracts. He testified that if plaintiff had not had cataract surgery, plaintiff, in all likelihood, "would not have developed macular edema." Also during the hearings, Dr. Frank T. Hannah testified that he believed welding could cause cataracts. Dr. Hannah also testified that plaintiff's retinal disease was causing his blindness and not his cataracts. He further testified that macular edema can be seen after perfectly successful cataract surgery.

On 24 June 2009, Deputy Commissioner Glenn issued an Opinion and Award, granting plaintiff $654.00 per week from 23 April 2002, payable in a lump sum, and $654.00 per week for the rest of plaintiff's life, for the injury to his eyes. The Opinion and Award also required defendant to pay all medical expenses incurred as a result of the occupational disease, along with attorney fees in the amount of twenty-five percent of the total award.

SELLERS v. FMC CORP.

[216 N.C. App. 134 (2011)]

Defendant had fifteen days to file a notice of appeal from the Opinion and Award. The 9 July 2009 deadline came and went without defendant filing a notice of appeal. Defense counsel's assistant acknowledged receipt of the Opinion and Award on 24 June 2009 and defense counsel noted they set their electronic diary to 9 July 2009 as the date to check to see if the notice of appeal had been filed. Defense counsel did not file the notice of appeal until 24 July 2009.

As a result of the delayed filing of the notice of appeal, plaintiff moved to dismiss the appeal as untimely. Defense counsel argued excusable neglect in that a notice of appeal was prepared and he was under the impression that it had been filed. Defense counsel further argued that there was confusion as a result of his assistant's and his receiving a 9 July 2009 email from the Industrial Commission, transmitting a joint transcript for this case and the related case of *Ensley v. FMC Corporation.* The present case and the *Ensley* case had been combined for the convenience of all parties, as both cases had the same counsel on both sides, and the parties were able to use some of the same witnesses and testimony for both cases. Thus, defense counsel argued he mistakenly assumed that the receipt of the joint transcript meant that the notice of appeal had been filed in this case. However, the Industrial Commission had not received the notice of appeal. Defense counsel also acknowledged that, while drafting the briefs in the two cases, he noticed he had never received an acknowledgment letter from the Industrial Commission confirming receipt of the notice of appeal for this case.

On 4 August 2009, Chair Pamela Young, on behalf of the Industrial Commission, granted plaintiff's motion and dismissed defendant's appeal as untimely. Defendant filed a motion to reconsider the dismissal on 13 August 2009, based again on excusable neglect for confusion caused by the misinterpreted email and transcript. Attached to the motion to reconsider were affidavits by defense counsel and his assistant attesting to not knowing why the drafted notice of appeal was not filed and attempting to explain their failure to note this omission. Chair Young again denied the motion to reconsider.

Defendant finally filed a notice of appeal to the Full Commission on 27 August 2009, challenging Chair Young's 4 August 2009 and 25 August 2009 Orders. Plaintiff again moved to dismiss the appeal. The Full Commission reviewed the issue on 9 December 2009, without oral argument, and issued an order on 26 January 2009 ("January Order"), vacating Chair Young's orders of dismissal. The Full Commission determined it did not have jurisdiction to review a Deputy Commis-

sioner's Opinion and Award that was not timely appealed, but did have the authority to review a defendant's motion for relief due to excusable neglect. The order noted excusable neglect due to confusion with the two cases and a clerical mistake or breakdown in the law firm's procedure. The parties proceeded to an appeal on the merits.

On 28 July 2010, the Full Commission approved Commissioner Glenn's Opinion and Award. It concluded that plaintiff's cataracts were a compensable occupational disease and his resulting visual and psychological impairments rendered him totally and permanently disabled under the statutes. The Full Commission affirmed the award of $654.00 per week with all medical expenses paid for, but awarded attorney fees of twenty-five percent of the accrued disability compensation as a cost of the action, along with attorney fees of twenty-five percent paid by deducting every fourth check owed to plaintiff.

Plaintiff appeals the Full Commission's vacating of Chair Young's dismissal of defendant's appeal, as well as the Full Commission's alteration of the award, in the area of attorney fees. Defendant cross-appeals the Full Commission's decision finding that plaintiff suffers from an occupational disease and awarding of the maximum compensation rate, along with attorney fees.

II. Analysis

A. Full Commission's Vacating of Order Dismissing Appeal

Plaintiff argues the Full Commission erred in vacating Chair Young's 4 August 2009 Order dismissing defendant's appeal and the 25 August 2009 Order denying defendant's motion for reconsideration. We agree.

When reviewing an order from the Industrial Commission our Court must determine whether the findings of fact are supported by competent evidence and whether the conclusions of law are supported by findings of fact. *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E.2d 676, 678 (1980). The conclusions of law from the Industrial Commission are reviewed *de novo. Lewis v. Sonoco Prods. Co.*, 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000). "Under the *de novo* standard of review, the trial court ' "consider[s] the matter anew[] and freely substitutes its own judgment for the agency's." ' " *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 660, 599 S.E.2d 889, 895 (2004) (alteration in original).

[1] Plaintiff contends the trial court abused its discretion in reviewing and vacating Chair Young's orders dismissing defendant's un-

timely appeal; but as a preliminary matter, defendant argues plaintiff did not appeal from the Full Commission's January Order vacating Chair Young's order. Therefore, according to defendant, our Court does not have jurisdiction, pursuant to N.C.R. App. P. 3(d) (2009), to review plaintiff's appeal regarding the Full Commission's order vacating Chair Young's order. Defendant contends plaintiff's notice of appeal does not state the proper order from which plaintiff is appealing.

Appellate Rule 3(d) states in pertinent part, "[t]he notice of appeal required to be filed and served by subsection (a) of this rule shall . . . designate the judgment or order from which appeal is taken and the court to which appeal is taken[.]" N.C.R. App. P. 3(d). However, "[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." N.C. Gen. Stat. § 1-278 (2009). Therefore, our Court may still have jurisdiction to review an intermediate order "even if an appellant omits a certain order from the notice of appeal . . . [where] three conditions are met: '(1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment.' " *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 348, 666 S.E.2d 127, 133 (2008) (quoting *Dixon v. Hill*, 174 N.C. App. 252, 257, 620 S.E.2d 715, 718 (2005)), *disc. review denied*, 363 N.C. 260, 677 S.E.2d 461 (2009). "An order involves the merits and necessarily affects the judgment if it deprives the appellant of one of the appellant's substantive legal claims." *Id.*

In the case at hand, plaintiff's notice of appeal designates the Full Commission's 28 July 2010 Opinion and Award as the one from which appeal is taken. However, plaintiff's first issue on appeal relates to the January Order vacating Chair Young's dismissal of defendant's appeal. Consequently, for plaintiff to maintain his first issue on appeal, he must meet the requirements of G.S. § 1-278 as expounded in *Yorke*.

Plaintiff meets the first requirement of having timely objected to the January Order by stating in his Reply Brief to the Full Commission that, "[w]hile it is admitted that by order dated January 26, 2010, the Full Commission permitted the appeal, Plaintiff would like to restate the objection to that ruling." While this is not a formal objection, it is sufficient to meet the first requirement of the *Yorke* test.

Plaintiff also meets the second prong of the *Yorke* test because the January Order was interlocutory. An interlocutory order is one

"that relates to some intermediate matter in the case; any order other than a final order." *Black's Law Dictionary* 1130 (8th ed. 2004). Clearly, the January Order is an interlocutory order, since it overturned Chair Young's previous order and allowed defendant to continue with its appeal.

Lastly, the January Order must have "involved the merits and necessarily affected the judgment." *Yorke*, 192 N.C. App. at 348, 666 S.E.2d at 133 (internal quotation marks and citation omitted). We conclude the January Order involved the merits of the case and affected the judgment as Commissioner Glenn's initial Opinion and Award granted attorney fees to be paid to plaintiff in addition to compensation for past and future benefits, while the Full Commission's ultimate Opinion and Award required plaintiff's attorney fees to be deducted from his compensation rather than be in addition to his compensation. Therefore, the January Order necessarily affected the final judgment and our Court has the jurisdiction to review it.

[2] Now we must return to plaintiff's first argument that the Full Commission erred in issuing its January Order vacating Chair Young's 4 August 2009 and 25 August 2009 Orders denying defendant's motion for reconsideration. Generally,

> [i]f application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and if proper, amend the award[.]

N.C. Gen. Stat. § 97-85 (2009).

Plaintiff first contends the 25 August 2009 Order by Chair Young was a final order and should have been appealed to this Court rather than to the Full Commission. This is a jurisdictional issue and the Full Commission in its January Order acknowledged that it did not have "jurisdiction to review a Deputy Commissioner's Opinion and Award that was not timely appealed." G.S. § 97-85; *Cornell v. Western & S. Life Ins. Co.*, 162 N.C. App. 106, 590 S.E.2d 294 (2004). However, "this Court held that the Industrial Commission has the inherent power and authority, in its discretion, to consider a motion for relief due to excusable neglect." *Moore v. City of Raleigh*, 135 N.C. App. 332, 336, 520 S.E.2d 133, 137 (1999) (internal quotation marks and citation omitted); *see Allen v. Food Lion, Inc.*, 117 N.C. App. 289, 450 S.E.2d

571 (1994); *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985). Thus, the issue becomes whether or not defendant's failure to file its notice of appeal within the statutory 15-day period resulted from excusable neglect.

"Whether excusable neglect has been shown is a question of law, not a question of fact." *Engines & Equipment, Inc. v. Joe Lipscomb*, 15 N.C. App. 120, 122, 189 S.E.2d 498, 499 (1972). " '[E]xcusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." *Higgins v. Michael Powell Builders*, 132 N.C. App. 720, 726, 515 S.E.2d 17, 21 (1999) (quoting *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554-55 (1986)). A litigant's carelessness, negligence, or ignorance of the rules of procedure is not excusable neglect. *Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998). " '[I]nadvertent conduct that does not demonstrate diligence' " does not constitute excusable neglect. *Egen v. Excalibur Resort Prof'l*, 191 N.C. App. 724, 731, 663 S.E.2d 914, 919 (2008) (citation omitted). The test for excusable neglect generally does not allow for attorney negligence. *See Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 123 L. Ed. 2d 74 (1993) (outlining the factors to weigh in determining the existence of excusable neglect in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure); *Symbionics Inc. v. Ortlieb*, No. 10-1042, 2011 WL 2076335 (4th Cir. May 23, 2011) (unpublished) (notice of appeal filed one day late because of a computer glitch not excusable neglect in the context of Rule 4(a)(5) of the Federal Rules of Appellate Procedure); *Cornell*, 162 N.C. App. 106, 590 S.E.2d 294 (new attorney to firm took over prior attorney's case and due to the turnover received the Opinion and Award late, causing him to file the notice of appeal after the 15-day period, did not constitute excusable neglect); *Moore*, 135 N.C. App. 332, 520 S.E.2d 133 (*pro se* plaintiff cannot argue excusable neglect where did not hire counsel).

Here, in analyzing defendant's reasons for delay, defendant argues there was a mix-up due to the fact that defense counsel was handling two intertwined cases before the Industrial Commission and an email pertaining to one case caused confusion in the other. Defense counsel was under the impression that by receiving the joint transcript for this case and the *Ensley* case meant the Industrial Commission had received defendant's notice of appeal for this case. Defendant cites to *Egen* in support of its contention that a firm's confusion and late filing of a notice of appeal can be forgiven under

excusable neglect where a case has unique facts. *Egen*, 191 N.C. App. 724, 663 S.E.2d 914. In *Egen* the Industrial Commission sent the Opinion and Award to the clerical employee by email, but did not send it directly to the attorney. *Id.* The employee did not understand the significance of the email and the attorney did not see it until six weeks later. *Id.* The employee was under the impression that she was blind copied on the email due to her name not appearing in the "To" line, while the attorney's did. *Id.* The Full Commission dismissed the appeal, but our Court reversed based on the employee's mistake. *Id.*

We find the *Egen* case distinguishable because it appears that it was primarily the employee's fault and partly the Industrial Commission's fault for not sending the email directly to the attorney. In the case *sub judice*, however, defense counsel and his assistant both stated they did not know what happened and did not have a real excuse as to why the notice of appeal was not filed on time. The assistant acknowledged receipt of the Opinion and Award on 24 June 2009 and the attorney noted that he had set the electronic diary to insure that he filed the notice of appeal by 9 July 2009. Although the attorney did receive an e-mail transmitting the joint transcript and listing both this case and the related case, he simply assumed that the fact that both cases were listed meant that both cases had been properly appealed rather than determining whether the required notice of appeal had, in fact, been filed. Nevertheless, the notice of appeal was not filed until 24 July 2009. The attorney even admitted he did not become aware that he had not received an acknowledgment letter from the Industrial Commission until he began working on the briefs.

We note that the Full Commission cites to *Egen* in its order overturning Chair Young's dismissal of defendant's appeal in stating " '[i]nadvertent conduct that does not demonstrate diligence[]' " has been held to not constitute excusable neglect, yet does not come to our conclusion that defendant's failure to timely file its appeal does not meet the test for excusable neglect. *Egen*, 191 N.C. App. at 731, 663 S.E.2d at 919. After reviewing our state's case law regarding the standard for excusable neglect, we are unable to agree with the Industrial Commission's determination that defense counsel's actions amounted to excusable neglect. Failing to definitively determine whether a notice of appeal was filed does not demonstrate due diligence. Due to the applicable test for excusable neglect, we do not believe trial counsel's action in failing to confirm, and merely assuming, a notice of appeal had been filed amounts to excusable neglect. Trial counsel's errors were not extraordinary or unusual enough to

SELLERS v. FMC CORP.

[216 N.C. App. 134 (2011)]

constitute excusable neglect, but were simply due to insufficient attentiveness.

Consequently, the Full Commission did not have jurisdiction to hear defendant's appeal as it lacked the inherent authority sometimes obtained through excusable neglect, and as a result, we must reverse the Full Commission's 26 July 2010 Opinion and Award, meaning Deputy Commissioner Glenn's 24 June 2009 Opinion and Award is re-implemented in full.

B. Defendant's Cross-Appeal

Due to our above decision on plaintiff's appeal, we must dismiss defendant's issues on cross-appeal as moot because the order appealed from has been vacated. Also, based on the fact that we are dismissing defendant's cross-appeal, we deny plaintiff's request for attorney fees due to a frivolous appeal, as we are not addressing defendant's cross-appeal.

III. Conclusion

We find that the Full Commission erred in hearing defendant's appeal, as defendant's argument of confusion as its reason for delay does not amount to a showing of excusable neglect. Therefore, we reverse the Full Commission's 26 July 2010 Opinion and Award and dismiss defendant's cross-appeal as moot. As a result, Deputy Commissioner Glenn's 24 June 2009 Opinion and Award becomes the authoritative judgment.

Reversed.

Judges McGEE and ERVIN concur.