**KANE v. STATE HEALTH PLAN**

[229 N.C. App. 386 (2013)]

ELIZABETH A. KANE, Plaintiff/Petitioner
v.
NORTH CAROLINA TEACHERS' AND STATE EMPLOYEES' COMPREHENSIVE MAJOR
MEDICAL PLAN, a/k/a THE STATE HEALTH PLAN, Defendants/Respondents

No. COA13-73

Filed 3 September 2013

1. **Appeal and Error—omission of order from notice of appeal—jurisdiction**

    Although plaintiff's notice of appeal did not designate the 4 October 2011 order dismissing her breach of contract claim for failure to exhaust her administrative remedies, the Court of Appeals had jurisdiction to review that order. Plaintiff timely objected to the order, the order was interlocutory and not immediately appealable and the order involved the merits and necessarily affected the judgment.

2. **Administrative Law—failure to exhaust administrative remedies—bar to claims**

    Plaintiff's failure to exhaust her administrative remedies or, in the alternative, to properly plead the inadequacy of those administrative remedies, barred all of her claims against defendant including breach of contract, declaratory judgment, and constitutional claims.

Appeal by Plaintiff from order entered 17 September 2012 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 5 June 2013.

*Allen, Pinnix & Nichols, P.A., by M. Jackson Nichols and Catherine E. Lee, for Plaintiff.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Heather H. Freeman, for Defendant.*

STEPHENS, Judge.

*Procedural History and Factual Background*

This appeal arises from an insurer's denial of an insured's requests for reimbursement for medical procedures and prescriptions. In late 2007, Plaintiff Elizabeth A. Kane, a forty-one-year-old employee of the

State of North Carolina, determined that she wanted to have one or more biological children. Because Plaintiff was not in a romantic relationship with a male partner, she anticipated using donor sperm and artificial insemination to become pregnant. Plaintiff's gynecologist referred her to Carolina Conceptions, a fertility clinic, for consultation. Doctors at the clinic informed Plaintiff that she had low potential fertility due to low ovarian function and recommended hormonal treatments via several prescription medications. Plaintiff took these medications and also underwent related fertility procedures between 2008 and 2010. In addition, at several points during this period, Plaintiff underwent intrauterine insemination ("IUI") in an attempt to conceive.

As a state employee, Plaintiff was covered by Defendant North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan, a/k/a The State Health Plan ("SHP"). SHP denied Plaintiff's claims for reimbursement for the cost of the medications and procedures which were followed by IUI. Plaintiff's total unreimbursed expenditures were $14,726.83 for medications and $9,000.00 for procedures. It is undisputed that SHP will reimburse for fertility medications and procedures used in conjunction with attempts to conceive via natural intercourse. However, in an affidavit, Tracy D. Stephenson, Director of Pharmacy Benefits for SHP, stated that "medications and services used in conjunction with artificial reproductive technologies (ART) . . . were excluded under the State Health Plan as part of the implementation of cost containment measures and determination of medical policies enumerated in Chapter 135 of the North Carolina General Statutes."

On 5 January 2009, Plaintiff filed an internal appeal of the denial of medication reimbursements with SHP. On 9 January 2009, SHP denied Plaintiff's appeal, stating that SHP "does not cover services, supplies, drugs[,] or charges that are not medically necessary[.]" SHP further informed Plaintiff that she could request "a 2nd level grievance review." On 30 June 2009, Plaintiff requested such a review. On 14 July 2009, however, SHP informed her that it was closing the matter and that it had "inadvertently given [her] 2nd level grievance review rights in error." SHP also notified Plaintiff that she had sixty days to appeal the SHP decision to the Office of Administrative Hearings ("OAH"). Plaintiff did not timely appeal to the OAH.

In mid-July 2011, Plaintiff filed a complaint and declaratory judgment action against SHP. Plaintiff alleged that SHP's reimbursement denial constituted breach of contract and that SHP's interpretation and application of its policy terms violated the equal protection and due process

clauses of the United States and North Carolina Constitutions and the Exclusive Emoluments Clause of the North Carolina Constitution.[1] On 11 August 2011, Defendant moved to dismiss Plaintiff's claims pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6). By order entered 4 October 2011, the trial court dismissed Plaintiff's breach of contract claim based upon her failure to exhaust her administrative remedies, but denied the remainder of Defendant's motion. On 3 July 2012, Defendant moved for summary judgment on Plaintiff's declaratory judgment and constitutional claims. Following a hearing, on 17 September 2012, the trial court granted summary judgment to Defendant and dismissed Plaintiff's two remaining claims.

### Discussion

On appeal, Plaintiff argues that the trial court erred in dismissing her breach of contract claim, and granting summary judgment for SHP on her declaratory judgment and *Corum* claims. We affirm.

### Standard of Review

"We review a trial court's order for summary judgment *de novo* to determine whether there is a genuine issue of material fact and whether either party is entitled to judgment as a matter of law." *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (citation and quotation marks omitted; italics added). "The standard of review on a motion to dismiss under Rule 12(b)(1) is *de novo*. The standard of review on a motion to dismiss under Rule 12(b)(6) is whether, if all the plaintiff's allegations are taken as true, the plaintiff is entitled to recover under some legal theory." *Rowlette v. State*, 188 N.C. App. 712, 714, 656 S.E.2d 619, 621 (2008) (citations and quotation marks omitted).

### Jurisdiction to Review Order Dismissing Plaintiff's Breach of Contract Claim

[1] We begin by noting that, although Plaintiff's notice of appeal does not designate the 4 October 2011 order dismissing Plaintiff's breach of contract claim for failure to exhaust her administrative remedies, this Court nonetheless has jurisdiction to review that order.

---

1. Plaintiff's request for a declaration based on the alleged constitutional violations was labeled as her second claim for relief, while her direct constitutional claims made up her third claim. For clarity, Plaintiff's direct constitutional claims will be referred to as *Corum* claims in this opinion, although Plaintiff's complaint does not explicitly cite that decision. *See Corum v. Univ. of N.C.*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992).

> Appellate Rule 3(d) states in pertinent part, the notice of appeal required to be filed and served by subsection (a) of this rule shall . . . designate the judgment or order from which appeal is taken and the court to which appeal is taken. However, upon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment. Therefore, our Court may still have jurisdiction to review an intermediate order even if an appellant omits a certain order from the notice of appeal where three conditions are met: (1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment. An order involves the merits and necessarily affects the judgment if it deprives the appellant of one of the appellant's substantive legal claims.

*Sellers v. FMC Corp.*, __ N.C. App. __, __, 716 S.E.2d 661, 665 (2011) (citations, quotation marks, brackets, and ellipsis omitted), *disc. review denied*, 366 N.C. 250, 731 S.E.2d 429 (2012). Further,

> [u]nder [N.C. Gen. Stat. §] 1A-1, Rule 46(b), with respect to rulings and orders of the trial court not directed to admissibility of evidence, no formal objections or exceptions are necessary, it being sufficient to preserve an exception that the party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court *or makes known the action which he desires the court to take and his ground therefor.*

*Inman v. Inman*, 136 N.C. App. 707, 711-12, 525 S.E.2d 820, 823 (2000) (citation omitted; emphasis added).

Here, the record includes the memorandum of law in opposition to Defendant's motion to dismiss filed by Plaintiff in the trial court, which "makes known the action which [s]he desire[d] the court to take and h[er] ground therefor[,]" and thus serves as a timely exception. *Id.* In addition, the order dismissing Plaintiff's breach of contract claim was interlocutory and not immediately appealable. *See Sellers*, __ N.C. App. at __, 716 S.E.2d at 665. Finally, the order dismissing the breach of contract claim involves the merits of Plaintiff's case because it deprived Plaintiff of one of her three causes of action. *Id.* Thus, the 4 October 2011 order meets all three requirements as set forth in *Sellers*, permitting this Court to reach the merits of Plaintiff's first argument.

*Failure to Exhaust Administrative Remedies*

**[2]** After careful review, we conclude that Plaintiff's failure to exhaust her administrative remedies or, in the alternative, to properly plead the inadequacy of those administrative remedies, bars all of her claims against SHP.

While Plaintiff is correct that the Administrative Procedures Act ("APA") "does not preclude entirely the possibility of judicial review by use of the declaratory judgment act or other procedures outside the [APA,]" *High Rock Lake Assoc. v. N.C. Envtl Mgmt. Comm'n*, 39 N.C. App. 699, 707, 252 S.E.2d 109, 115 (1979), "[s]o long as the statutory procedures provide an effective means of review of the agency action, the courts *will require parties to exhaust their administrative remedies.*" *Porter v. Dep't. of Ins.*, 40 N.C. App. 376, 381, 253 S.E.2d 44, 47 (emphasis added), *disc. review denied*, 297 N.C. 455, 256 S.E.2d 808 (1979) (citation omitted).

> As a general rule, it is the policy of this State that disputes between its administrative agencies and its citizens be resolved pursuant to the provision of the Administrative Procedure Act, [N.C. Gen. Stat.] § 150B-22, and that judicial review of an administrative decision may be had only after all administrative remedies have been resolved.
>
> Five requirements must generally be satisfied before a party may ask a court to rule on an adverse administrative determination: (1) the person must be aggrieved; (2) there must be a contested case; (3) there must be a final agency decision; (4) *administrative remedies must be exhausted;* and (5) no other adequate procedure for judicial review can be provided by another statute. Whether one has standing to obtain judicial review of an administrative decision is a question of subject matter jurisdiction.

*Jackson v. N.C. Dep't of Human Res.*, 131 N.C. App. 179, 182-83, 505 S.E.2d 899, 901-02 (1998) (emphasis added), *disc. review denied*, 350 N.C. 594, 537 S.E.2d 213 (1999).

"When the General Assembly provides an effective administrative remedy by statute, that remedy is exclusive and the party must pursue and exhaust it before resorting to the courts." *Id.* at 186, 505 S.E.2d at 903. Our Courts have upheld the requirement of exhaustion when the claims asserted allege constitutional violations. *See N. Buncombe Ass'n of Concerned Citizens v. Rhodes*, 100 N.C. App. 24, 30-31, 394 S.E.2d 462,

466-67, *appeal dismissed and disc. review denied,* 327 N.C. 484, 397 S.E.2d 215 (1990). Further, our "Supreme Court [has] confirmed that, even in a declaratory judgment action, [w]hen an effective administrative remedy exists, that remedy is exclusive." *Wake Cares, Inc. v. Wake Cnty Bd. of Educ.,* 190 N.C. App. 1, 13, 660 S.E.2d 217, 224-25 (2008) (citing *Charlotte-Mecklenburg Hosp. Auth. v. N.C. Indus. Comm'n,* 336 N.C. 200, 209, 443 S.E.2d 716, 722 (1994) and *Lloyd v. Babb,* 296 N.C. 416, 428, 251 S.E.2d 843, 852 (1979)) (quotation marks omitted). "On the other hand, if the remedy established by the []APA is inadequate, exhaustion is not required." *Jackson,* 131 N.C. App. at 186, 505 S.E.2d at 903.

Plaintiff urges that, "[w]here an aggrieved party challenges the constitutionality of a regulation or statute, administrative remedies are deemed to be inadequate and exhaustion thereof is not required." *Shell Island Homeowners Ass'n v. Tomlinson,* 134 N.C. App. 217, 224, 517 S.E.2d 406, 412 (1999) (citation omitted). However, whether the claim asserted is constitutional or arises from contract, "[t]he burden of showing inadequacy is on the party claiming inadequacy, *who must include such allegations in the complaint." Jackson,* 131 N.C. App. at 186, 505 S.E.2d at 904 (emphasis added) (discussing claims for injunctive and monetary relief and for a declaratory judgment arising from constitutional claims); *see also Snuggs v. Stanly Cnty Dep't. of Pub. Health,* 310 N.C. 739, 740, 314 S.E.2d 528, 529 (1984) ("When the defendants' motions are viewed as motions brought under Rule 12(b)(6), they must be allowed since the *plaintiffs have failed to allege that they do not have adequate remedies under State law* which provide due process.") (emphasis added; citations omitted); *Justice for Animals, Inc. v. Robeson Cnty,* 164 N.C. App. 366, 373, 595 S.E.2d 773, 777 (2004) (affirming dismissal of claims for injunctive relief where the "plaintiffs' complaint fail[ed] to allege either the inadequacy or the futility of the administrative remedy" provided); *Huang v. N.C. State Univ.,* 107 N.C. App. 710, 715-16, 421 S.E.2d 812, 815-16 (1992) (vacating an order of summary judgment for the plaintiff where the complaint alleging breach of contract failed to raise the issue of inadequacy of administrative remedies and thus "the complaint should have been dismissed by the trial court").

For example, in *Jackson,* the plaintiff's complaint alleged that "[e]xhaustion of any purported administrative appeals was, and is, futile, pointless, and inadequate because they cannot provide the remedies sought and because they facially violate due process of law guaranteed by the state constitution and law." *Jackson,* 131 N.C. App. at 186, 505 S.E.2d at 904. Moreover, the plaintiff in *Jackson* "acknowledge[d] that

she had the burden of pleading futility or inadequacy of the administrative remedy . . . ." *Id.*

Here, Plaintiff acknowledges that she failed to exhaust her administrative remedies. Before the trial court and this Court, she advanced eloquent and compelling arguments that exhaustion would have been futile and, thus, was not required because OAH has no jurisdiction to resolve constitutional issues. Our review reveals, however, that Plaintiff's complaint and declaratory judgment action contains no allegation that her administrative remedies were inadequate, and thus, all of her claims should have been dismissed pursuant to Rule 12(b)(6).

Although the precedent discussed above requires this panel to affirm the trial court's orders, we are compelled to observe that imposition of the requirement to allege futility or inadequacy in this case appears both illogical and a subversion of the very intent behind the exhaustion of administrative remedies requirement: judicial economy.

> The exhaustion rule serves a legitimate state interest in requiring parties to exhaust administrative remedies before proceeding to court, thereby preventing an overworked court from considering issues and remedies that were available through administrative channels. It also encourages the use of more economical and less formal means of resolving disputes and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy.

2 Am. Jur. 2d *Administrative Law* § 474 (2013). This focus on judicial economy likewise led to the development of the futility/inadequacy exception to the exhaustion rule, as requiring exhaustion of administrative remedies is but a purposeless waste of time and resources if the remedy sought *cannot* be obtained via administrative appeals. Certainly, the requirement that this exception be specifically alleged in a complaint makes sense where the futility of an administrative remedy is not readily apparent and the defendant could be taken by surprise or somehow prejudiced by the later raising of such an allegation. Here, however, all parties agree that SHP does not currently permit reimbursement for fertility treatments taken in conjunction with ART. This bar on reimbursements is an explicit prohibition of SHP, and there is no discretion, exception, or flexibility regarding coverage of these treatments for women such as Plaintiff. Neither Plaintiff nor Defendant has suggested that there was *any* possibility that, had Plaintiff undertaken the further administrative review available to her, relief she sought could have been

MEDLIN v. WEAVER COOKE CONSTR., LLC

[229 N.C. App. 393 (2013)]

given. Rather, everyone involved in this matter was aware from the start that Plaintiff would not prevail at any level of administrative review. Simply put, Plaintiff's administrative remedies were the very definition of futility, and there is neither suggestion nor proof that SHP was prejudiced by Plaintiff's failure to allege futility in her complaint. In sum, the imposition of the requirement that Plaintiff *plead* futility here serves no purpose, aids no party or court, and acts as nothing more than a pedantic technicality preventing resolution of Plaintiff's claims on their merits.

Nevertheless, mindful that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court[,]" *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted), both the 4 October 2011 order dismissing her breach of contract claim and the 17 September 2012 order granting summary judgment to SHP and dismissing with prejudice Plaintiff's constitutional claims must be

AFFIRMED.

Judges BRYANT and DILLON concur.